## ANNA SLATER, Respondent, *v.* ALFRED V. BARNES, Appellant.

Negligence — landlord and tenant — trial — charge — rule of res ipsa loquitur predicated amongst other things upon exclusive possession, control and oversight of agency producing injury — injury to tenant from fall of plaster from ceiling — erroneous charge that burden rested upon landlord to show cause of fall.

1. The rule of *res ipsa loquitur* amongst other things is predicated upon the condition that the agency which has produced an injury is within the exclusive possession, control and oversight of the person charged with negligence, whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give that explanation, and if he does not give it, a presumption arises against him.

2. In an action, tenant against landlord, to recover for injury through being struck by plaster falling from the ceiling of a rented apartment, where it appeared that the plaster which fell had been filled in about four years before, at which time defendant had caused the ceiling to be repaired, it was error for the trial justice to instruct the jury that the fall of the ceiling established a *prima facie* case of negligence on the part of the defendant and that the burden rested on him of showing how the ceiling came to fall, where there is nothing to indicate that the defendant had any opportunity to observe the cause or causes of the fall, he not being in possession of the premises or at a post of observation, and so far as appears there having been no sign of weakness or unsafe condition of the plaster.

*Slater* v. *Barnes*, 212 App. Div. 860, reversed.

(Argued October 13, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 10, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Walter L. Glenney, John D. Fearhake* and *Bertrand L. Pettigrew* for appellant. Reversible error was committed in instructing the jury as to the effect of the application of the doctrine of *res ipsa loquitur.* (*Klein* v. *Fraser*, 169

App. Div. 812; *Courtney* v. *Gainsborough Studios*, 186 App. Div. 820, 829; *Griffin* v. *Manice*, 166 N. Y. 188; *Sweeney* v. *Edison El. Ill. Co.*, 158 App. Div. 449; *Huscher* v. *N. Y. & Q. El. L. & P. Co.*, 158 App. Div. 422.)

*Adelma H. Burd* for respondent.

HISCOCK, Ch. J. This action is brought to recover damages for personal injuries caused by the fall of plaster from the ceiling of a room included in an apartment rented by plaintiff of defendant in 1917.

Stripped of legal questions presented by the manner in which the case was tried, the real claim of the plaintiff is that in 1913 some plaster fell from the ceiling of the same room then rented by her, that defendant caused the hole in the ceiling thus produced to be repaired by replastering and that the plaster which fell and caused plaintiff's injuries was the same plaster which was thus filled in on the prior occasion, and that the fall was due to the negligent manner in which the replastering had been done.

The trial judge originally held that this situation was covered by section 102 of the Tenement House Law (Cons. Laws, ch. 61) and that thereunder an absolute obligation rested on the defendant to keep the ceiling in proper repair. Subsequently, however, he changed his views and eliminated from application and consideration this provision and thus left the rights and liabilities of the parties to be measured by the ordinary principles of common law applicable to the relationship of landlord and tenant. It is unnecessary to consider whether under these principles an obligation rested upon the defendant to repair the ceiling when the plaster fell in 1913, there being no allegation in the complaint of any obligation assumed by him in the lease then existing to make such repairs. The defendant on the trial assumed that such duty existed and that he was responsible for repairing the

ceiling in a reasonably safe and proper manner. Thus a simple issue of fact was presented by the claim and evidence of the plaintiff on one side that this prior work of repairing was not properly or safely done resulting in her accident, and of the defendant on the other side that the contrary was true and that the work was properly and safely done. If this issue had been submitted to the jury under the rules ordinarily applicable to the decision by it of a question of negligence we should find no trouble with the judgment appealed from. Unfortunately, however, this was not done. The trial justice in his instructions to the jury did at times seem to regard the issue as one to be submitted to the jury under ordinary principles such as we have referred to. But in other places and repeatedly in his charge he applied the doctrine of *res ipsa loquitur* to the case in such a manner as was erroneous and was so necessarily calculated in our opinion to mislead the jury as to require a new trial.

He stated the general rule of *res ipsa loquitur* and then in attempted application of it to the facts of this case stated in substance that in the absence of explanation by the defendant of how the ceiling fell the plaintiff had made out a *prima facie* case; that the circumstances testified to by the plaintiff called upon the defendant for a reasonable explanation of how the ceiling fell and that in the absence of such explanation a jury would be permitted to infer negligence; that only if the proof of the defendant rebutted the presumption of negligence would the jury be entitled to find a verdict for the defendant and, as his final words on this subject, in response to a request by the defendant to charge that no obligation rested on the defendant to establish by proof the cause of the fall of the ceiling in 1917, the judge stated " that the duty of going forward and reasonably explaining how the ceiling fell is upon the defendant. And if they have made such an explanation the plaintiff must then establish the negligence of the defendant and her own freedom from con-

tributory negligence." Thus the trial judge started out with the proposition that the fall of the ceiling established a *prima facie* case of negligence on the part of the defendant and that then the burden rested on him of showing why this ceiling fell in 1917, no matter how strong the evidence may have been that the plaster was properly put up in 1913.

These instructions in our opinion violated one of the fundamental conditions permitting the application of the rule of *res ipsa loquitur*. That rule amongst other things is predicated upon the condition that the agency which has produced an injury is within the exclusive possession, control and oversight of the person charged with negligence whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give that explanation, and if he does not give it, a presumption arises against him. The reason for and common sense of this rule under such conditions is obvious. It frequently happens in the law that if a person fails to explain that of which apparently he has knowledge the presumption goes against him. (*Griffen* v. *Manice,* 166 N. Y. 188.)

But that condition did not exist at all in this case. This piece of plaster, on plaintiff's theory, had remained in place for four years without so far as appears any sign of weakness or unsafe condition as the result of negligent repair in 1913. We can imagine that a variety of causes might have made it fall after a lapse of four years. But however many or potential these causes may have been there is nothing to indicate that the defendant had any opportunity to observe them. He was not in possession of the premises or at a post of observation and, therefore, when the trial judge erroneously imposed upon him this duty of explanation of something which happened beyond the realm of his observation or control, he in effect instructed the jury to find a verdict against him.

Of course, this error is too important to be disregarded and, therefore, the judgments should be reversed and a new trial granted, with costs to abide event.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.