MARY A. GALBRAITH, Respondent, v. PAUL BUSCH et al., Appellants.

(Argued March 15, 1935; decided April 1, 1935.)

*Everett F. Warrington* and *Herbert F. Hastings, Jr.,* for appellants.

232

*William A. Mulvey* for respondent.

LEHMAN, J.  The plaintiff was injured while a guest in an automobile owned by her daughter, the defendant Sarah M. Galbraith, and operated under her direction by the defendant Busch.  The automobile suddenly swerved from the highway and crashed into a tree.  The evidence fails to show any cause for the sudden swerve.  The weather was clear, the highway was in good condition, and there was little traffic upon it.  The trial judge ruled that the mere fact that the car left the highway under these circumstances raised a presumption of negligence on the part of the driver and that it was the duty of the defendants " to go forward with their evidence and show why the car left the highway, why it rammed the tree, and that it did so without any fault or negligence upon the part of Busch."  The defendant failed to give such evidence.  The cause of the accident remains undisclosed

and unexplained. The question now presented is whether without such explanation the circumstances under which the accident occurred raised an inference or presumption that it was due to the negligence of the driver.

It may be conceded that the defendants, by reason of their control and management of the automobile, are in a better position to furnish an explanation of the cause of the accident than the plaintiff. Failure to give such explanation, it is said, is suspicious and requires the conclusion that their testimony would not be favorable to them. Certainly their silence is not suspicious if they were not called upon to speak and no inference unfavorable to them can be drawn from their silence if the plaintiff's proof is insufficient to show any negligence on their part. In a negligence action the plaintiff always has the burden of showing failure by the defendant of some duty owing to the plaintiff. That burden can never be shifted to the defendant. Where the plaintiff's evidence is sufficient to justify or require an inference of negligence, then failure of the defendant to rebut such inference by affirmative evidence may result in a judgment against the defendant. Where a defendant under such circumstances fails to produce relevant evidence within his control, inference may be permissible that such evidence would not be favorable to him. None the less the duty upon the defendant of going forward and producing evidence to rebut an inference or presumption of negligence cannot arise unless the evidence of the plaintiff justifies such inference or presumption. These general principles are firmly imbedded in our law. In their practical application the doctrine known as " *res ipsa loquitur* " plays a part, but that doctrine can be invoked only where, as the chief judge points out: " The circumstances of the case unexplained justify the inference of negligence."

The problem in each case is whether the circumstances unexplained *do* justify an inference of negligence. Ordinarily, circumstantial evidence is insufficient where the

circumstances are consistent with freedom from wrong. In the administration of the law arbitrary rules cannot be substituted for logically probative evidence. The doctrine of *res ipsa loquitur* is not an arbitrary rule. It is rather a common-sense appraisal of the probative value of circumstantial evidence. It requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong by the defendant. To negative every possibility that the accident occurred in some extraordinary manner which would exculpate the defendant is often impossible. In the administration of the law we must be satisfied with proof which leads to a conclusion with probable certainty where absolute logical certainty is impossible. We may be constrained to act upon incomplete evidence where complete evidence is impossible. Then the logical probative force of the evidence produced is measured, in part, by the test of whether it is the best evidence available. So where the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify an inference of negligence and to shift the burden of explanation to the defendant. (*Slater* v. *Barnes*, 241 N. Y. 284. That doctrine (*res ipsa loquitur*) has been applied here because the evidence shows that the automobile in which the plaintiff was a guest was in the exclusive possession and control of the defendant. The courts below in applying that doctrine have failed to consider whether the circumstances, though unexplained, show that ordinarily the accident would not have occurred without neglect of duty owed by the defendants or either of them to the plaintiff.

It is common knowledge that a sudden swerve of an automobile may be due to many causes. We may assume that an automobile nevertheless does not suddenly swerve under ordinary conditions where it is carefully operated and carefully maintained. We may assume further that here the evidence shows that at the time of the accident there were no extraordinary conditions in the road which would account for the accident, and that an inference would be justified that the cause must be found in the operation of the machine or in some defect in the automobile. We may even assume that these circumstances, unexplained, justify an inference that the automobile was not carefully operated or was not carefully maintained. If the defendants owed a duty to the plaintiff to exercise reasonable care both in the operation and maintenance or repair of the automobile, then the burden of explaining the cause of the accident and showing that it occurred without neglect of duty may, perhaps, logically and properly be shifted to the defendants. At least there are many decisions which point that way.

Here the plaintiff was only a guest in the car. She assumed the risk of any defect in the automobile which was not known to the defendants. They assumed the duty to exercise reasonable care for her protection in the operation of the automobile. They were under no duty to exercise care to discover and repair defects not known to them. (*Higgins* v. *Mason*, 255 N. Y. 104.) The evidence, though unexplained, cannot possibly lead to an inference that the accident was due to lack of care in the operation of the automobile, for the probability that it occurred from a break in its mechanism is at least equally great. All that the evidence shows is that the accident may have occurred from any one of many causes, including, perhaps, negligence in operation. If knowledge of the actual cause is confined to the defendants, then the plaintiff cannot prove any cause of action without calling them as witnesses. None the less, the plaintiff fails to make out

a *prima facie* case without such proof and cannot place upon the defendants the burden of exculpating themselves from the charge of neglect of duty until evidence showing *prima facie* that there is such negligence has been presented.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to the appellant to abide the event.

CRANE, Ch. J. (dissenting). The plaintiff, Mary A. Galbraith, was injured in an automobile accident on the 27th day of May, 1932, and she has sued the driver of the car in which she was riding, Paul Busch, and the owner, Sarah M. Galbraith, her daughter, to recover damages for injuries. Paul Busch, the driver, and the owner of the car were sitting in the front seat; the plaintiff and her grandson were seated in the back seat.

The occupants were proceeding from Poughkeepsie to the Adirondacks over the Albany Post Road. The place of the accident was about twelve miles north of Hudson, where the road consists of three strips of level concrete which, on the day in question, were perfectly dry. It was a clear morning, with little traffic on the highway. The car suddenly left the highway, tearing up twelve or more feet of fencing, crashed into a tree in an adjoining lot, a portion of which tree passed through the roof of the car. The speed at which it must have been going may be gathered from this incident.

Upon the trial of this case, after the proof of these facts, the defendant Sarah M. Galbraith did an unusual thing. She failed to call the driver, Paul Busch. Neither did she explain who or what he was. He did not testify himself, and the codefendant did not state any reason for not calling him nor show by any evidence that he could not be obtained as a witness. That he was her driver and, on the day of the occurrence, under her control and authority is self-evident. There is only one conclusion to be drawn from the failure of this defendant to call him

or to account for his absence, and that is that his testimony would not be favorable to her side of the case.

We must bear in mind at all times, especially when we come to review the cases, that the defendant knew what caused this accident, or else could have told us, or the jury, that she did not know. Busch knew what caused the accident or else he did not know. Both these persons have kept their mouths closed tight and have refused to reveal either their knowledge or their ignorance. This is a circumstance, a very material circumstance, which raises presumptions in this case.

The judge charged the jury that the mere fact the car left the highway and hit the tree raised a presumption of negligence upon the part of the driver, standing alone and unexplained, and constitutes *prima facie* evidence of the negligence of Busch, and he said: " It then became the duty of the defendant Busch and of Miss Galbraith to go forward with their evidence and show why the car left the highway, why it rammed the tree, and that it did so without any fault or negligence upon the part of Busch." Again he said, " Of course, speed alone is not the only reason an automobile may leave a highway. A bee, flying into a window of a car, alighting upon the driver's face, and his frantic effort to get rid of the bee might result in a car trying to climb a telegraph pole, and there are many other reasons which suggest themselves to you as to how it might be that a car might leave the highway. Some part of the mechanism might go wrong. Busch was driving the car; presumably he knows why the automobile left the highway; he is silent; he does not tell us why it did, and so we come back to the presumption of negligence to which I have already referred." And the judge later instructed the jury that it was for them to determine whether Busch was negligent, and " if, on the other hand, you find that Busch was not negligent, * * * then your verdict will be for both defendants."

I can find nothing wrong with this case. It proceeded

according to law, all the authorities and the inferences which the human mind naturally draws from the circumstances. The words " *res ipsa loquitur* " do not conceal a mystery. There is no doctrine or rule of law suggested or intimated by the words; neither is there any hard and fast principle embodied in their meaning. We use these words in the same way that we say in plain English, " The circumstances of the case unexplained justify the inference of negligence." Perhaps much confusion in legal thinking would be avoided if we used the English instead of the Latin terminology, for there seems to be a shying away from the Latin phrase as though it was a thing of danger, to be applied exceptionally. Not so. We apply it frequently in all manner of cases where facts and circumstances call upon others to speak, and they keep silent. This court said in *Slater* v. *Barnes* (241 N. Y. 284): " That rule [*res ipsa loquitur*] amongst other things is predicated upon the condition that the agency which has produced an injury is within the exclusive possession, control and oversight of the person charged with negligence whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give that explanation, and if he does not give it, a presumption arises against him. The reason for and common sense of this rule under such conditions is obvious. It frequently happens in the law that if a person fails to explain that of which apparently he has knowledge the presumption goes against him " (p. 287).

Judge POUND, writing for the court in *Plumb* v. *Richmond Light & Railroad Co.* (233 N. Y. 285), says: " *Res ipsa loquitur* is a loose but much-used phrase of limited application which is a symbol for the rule that the fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make out plaintiff's *prima facie* case, and present a question of fact for the defendant to

meet with an explanation. The term 'surrounding circumstances' in this connection refers not to circumstances directly tending to show lack of care in handling, such as excessive speed, lack of proper control of the car and the like, which tend in themselves to establish plaintiff's case, but only to mere neutral circumstances of control and management by the defendant which may, when explained, appear to be entirely consistent with due care. Shifting the burden of explanation or of going on with the case does not shift the burden of proof. If a satisfactory explanation is offered by the defendant, the plaintiff must rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of plaintiff's contention" (p. 288).

The defendants here knowing the facts remain silent; they do not even say that the cause of the accident is unknown to them. This is not a case where negligence is presumed or liability predicated upon the mere happening of the accident, or the single fact that the car left the road. We have the circumstances and surroundings which make Busch's action and the defendant's attitude extremely suspicious, so that from their silence it may fairly be presumed that the cause of the accident was Busch's negligence in operating the car. This evidence presented a question for the jury to determine, and they were justified in finding such negligence.

All the authorities, where similar facts existed, have ruled the same way. The first department of the Appellate Division, in *Bennett* v. *Edward* (239 App. Div. 157), had before it the case of an automobile suddenly, and for a reason unknown to the plaintiff, running into a ditch and turning over. The evidence at the trial afforded no explanation whatever as to the cause of the accident, and the court there said: " We are of the opinion that, under the proof and circumstances, the burden rested upon the defendant to explain the cause of the accident and, if

possible, to overcome the presumption of negligence which resulted from the occurrence of the accident. We think the court should have applied the doctrine of res ipsa loquitur, and that error was committed in dismissing the complaint without requiring the defendant to go ahead with proof excusing the defendant from any negligence " (p. 160). Justice FINCH, now a judge in this court, concurred in this opinion.

The same rule, call it res ipsa loquitur if you will, or the rule of reasonable inferences, has been followed in other jurisdictions where like facts have been involved. (Chaisson v. Williams, 130 Me. 341; Baker v. Baker, 220 Ala. 201; Nicol v. Geitler, 188 Minn. 69; Barger v. Chelpon, 60 S. D. 66; Knox v. Simmerman, 301 Penn. St. 1; Morris v. Morris, 84 Cal. App. 599; Queirolo v. Pacific G. & El. Co., 114 Cal. App. 610; Mackenzie v. Oakley, 94 N. J. L. 66; Masten v. Cousins, 216 Ill. App. 268; Scoll v. London & St. Katharine Docks Co., 3 H. & C. 596; McGowan v. Stott, 99 L. J. [K. B.] 357; Long v. McLaughlin, 3 Dom. L. R. 918 [New Brunswick, 1926].)

Cases which apparently hold the contrary doctrine have been those where the States require proof of gross negligence or reckless conduct, or else have dealt with facts where the defendant has called evidence to show and explain the non-negligent cause of the accident; in other words, has overcome the presumption. (See Klein v. Beeten, 169 Wis. 385; Giddings v. Honan, 114 Conn. 473; Bobich v. Rogers, 258 Mich. 343; Riley v. Wooden, 310 Penn. St. 449.)

Professor Wigmore, in his work on Evidence (Vol. 5, § 2509, p. 498), in discussing the rule of " res ipsa loquitur," says: " It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

Again, Professor Harper, in his Law of Torts (§ 77, p. 183), says: " The principle which the courts have developed in these cases is that when certain types of harms occur under circumstances which, from common experience, strongly suggest negligence and when the agency or instrumentality which occasioned the harm is under the exclusive control and management of the defendant so that he is in a better position to prove his innocence than the plaintiff is to prove his negligence, there exists a *res ipsa loquitur* case."

We have had of late an increasing number of negligence cases wherein the litigation is between the members of the family; mother suing daughter, as in this case, children the father, or wife the husband — actions which never would have been brought were it not for the fact that the defendant was covered by insurance, so that the loss falls upon the casualty company. The difficulty in properly presenting a defense may, therefore, be due somewhat to the fact that the actual defendant is not the one whose name appears in the action, and that by reason of a family relationship between the parties and their joint interest in the recovery, there is difficulty in procuring evidence for the defense.

Other States have met this situation, such as Connecticut, Massachusetts and Georgia by enacting laws whereby the host is liable to the guest only where gross negligence is found. In this State we still adhere to the common law, that a defendant is liable to his automobile guest for failure to exercise reasonable care. The rules of evidence whereby this common law liability is established, however, must not be weakened by the incongruity of members of a family suing each other for negligence.

The judgment below should be affirmed, with costs.

O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur with LEHMAN, J.; CRANE, Ch. J., dissents in opinion.

Judgments reversed, etc.