CATHERINE MCCORMACK and PHILIP MCCORMACK, Appellants, v. THE JEWISH HOSPITAL OF BROOKLYN, Respondent.— While being carried down a flight of stairs in her home to a waiting ambulance sent by defendant, plaintiff Catherine

McCormack fell from the stretcher and was injured. She sued to recover damages for the personal injuries sustained, and her husband sued to recover for medical expenses and loss of services. At the trial, which was had without a jury, the actions were consolidated and tried as one. Judgment dismissing plaintiffs' complaint on the merits reversed on the law and the facts and a new trial granted, with costs to abide the event. In our opinion, a *prima facie* case was made out as to the negligence of the persons who were carrying the plaintiff wife down the stairs at the time she fell. She testified that she was thrown off the stretcher, and her husband testified that those who were carrying the stretcher turned her out and upset her. The case is not dependent upon the doctrine of *res ipsa loquitur*. The complaint was dismissed, according to the memorandum of the trial justice, because, in his opinion, the defendant, being a charitable institution, was not responsible for the accident. From the record before us, we think this conclusion is not justified. It does not clearly appear in the record before us what the relationship was between those who were carrying the stretcher and the hospital, and in what capacity they were employed or serving the hospital. This may be fully developed upon the new trial, and the liability of the defendant for their acts, if any, be determined. Young, Hagarty, Tompkins and Davis, JJ., concur; Johnston, J., dissents and votes to affirm, with the following memorandum: It is true plaintiffs testified as indicated in the prevailing memorandum; but plaintiffs at the trial did not contend, nor do they urge here, that this testimony established defendant's negligence. Their position was and is that the proof was sufficient to call upon defendant for an explanation. In other words, plaintiffs invoked the doctrine of *res ipsa loquitur*. There is some conflict in the proof as to who carried the stretcher. The court found, however, and plaintiffs here admit it was carried by a policeman and defendant's doctor. It may be the policeman was a temporary or an emergency employee or agent of defendant, but as to this the record is silent. In the absence of proof that the stretcher was in the exclusive possession and control of defendant, the *res ipsa loquitur* doctrine is inapplicable. Furthermore, even assuming the stretcher was in the exclusive possession and control of defendant's agents, plaintiffs failed to show the accident would not ordinarily have occurred without negligence on the part of defendant. As far as this record discloses, the accident may have been due to the sudden and unexpected movement of the plaintiff-wife, or to some defect in the stairway or its covering, or to some other cause not attributable to defendant. (*Galbraith* v. *Busch*, 267 N. Y. 230.) In any event, defendant being a charitable institution, it is immune from liability. The wife was not a stranger to defendant. When the doctor determined to remove her to the hospital and proceeded to do so, she was in defendant's custody as a patient. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Hamburger* v. *Cornell University*, 240 id. 328; *Mills* v. *Society of New York Hospital*, 242 App. Div. 245.)