FRANK DITTIGER, Respondent, *v.* ISAL REALTY CORP., Appellant.

First Department, June 5, 1942.

*Frederick Mellor*, for the appellant.

*Henry G. Littau* of counsel [*Gustave G. Rosenberg*, attorney], for the respondent.

CALLAHAN, J.   Plaintiff has recovered a substantial verdict for personal injuries claimed to have been sustained through the negligence of defendant in an accident involving the falling of a ceiling in a multiple dwelling located at 344 East Forty-eighth street, New York city.

The building was under the control of the defendant. An apartment in the premises known as " 3-A " became vacant on July 31, 1938, and defendant engaged plaintiff's employer, one

Weinstein, to redecorate that apartment. On a date late in the month of August, 1938, plaintiff and a fellow workman entered the apartment to carry out Weinstein's contract. While there was a dispute as to whether plaintiff had started work before the ceiling fell, we must assume that the jury found the facts in accordance with plaintiff's contention, which was that the accident happened shortly after plaintiff entered the apartment and before any work had started. We must also assume that the jury has determined in the affirmative the dispute as to whether the physical condition which resulted in plaintiff's incapacity was the proximate result of injuries received from the falling ceiling. We find no sufficient reason for disturbing either of the foregoing findings.

The trial court also submitted to the jury as a question of fact a third issue concerning the nature of the contract which Weinstein had with defendant. We find little, if any, contradiction in the evidence on this issue. All of the witnesses testified in substance that Weinstein's contract required him to paint the apartment, which work included the cutting out and filling in of minor cracks. If upon investigation it appeared that any major repairs to the plastering were necessary, Weinstein was required to get a separate order from defendant before proceeding with such work. Plaintiff himself testified that it was part of his job to see if there were any loose spots in the ceiling and to report the same to Weinstein.

The issue, which the trial court permitted the jury to resolve on this phase of the case, was whether a report of defects after inspection of the premises was a requirement of Weinstein's contract or a mere voluntary act on the part of plaintiff or his employer. Defendant took no exception to the submission of this issue to the jury as one of fact. We will assume, therefore, that it acquiesced in the existence of an issue of fact in this regard and that, in so far as any such dispute existed, it was resolved in plaintiff's favor.

No proof was offered by plaintiff to show that defendant had any notice, actual or constructive, of any lack of repair or other condition which might have given warning that the ceiling in apartment 3-A was defective or might fall. Nor was there any evidence that the likelihood of such an occurrence could have been discovered by defendant even upon the closest scrutiny. Neither plaintiff nor any of his witnesses noticed the appearance of the ceiling before it fell. The only affirmative proof in the case on the subject of the appearance or condition of the ceiling was given by plaintiff's fellow workman who testified as a witness for defendant and stated that the ceiling appeared normal. Assuming that the jury discredited this testimony, they had no affirmative proof

which warranted a contrary finding. The evidence did establish, however, that defendant's agents had access to apartment 3-A the door of which was kept locked, defendant possessing the keys.

The trial court charged the jury that it might draw an inference of negligence from the happening of the accident involved herein in the absence of a satisfactory explanation by defendant. Defendant excepted to this portion of the charge.

Before considering the question of the propriety of applying the doctrine of *res ipsa loquitur* to this case, we think it preferable to consider a second question raised by appellant. This question is whether, because of the nature of the work plaintiff was performing, the case involves an exception to the rule requiring an employer to furnish a safe place to work. Defendant asserts that, as the hiring was for the very purpose of repairing the dangerous condition which caused the accident, such exception is applicable here. The exception referred to is stated succinctly in the case of *Kowalsky* v. *Conreco Company* (264 N. Y. 125), as follows: " No responsibility rests upon an owner of real property to one hurt through a dangerous condition which he has undertaken to fix."

We think it is unnecessary for us to ascertain whether the exception noted is applicable in the present case for the simple reason that we find no sufficient proof in the record of any violation by defendant of the rule itself. The requirement to provide a safe place to work is now statutory. (Labor Law, § 200.) But the provisions of the statute are that all places to which the Labor Law applies shall be " so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein." It is evident, therefore, that the rule of the statute is merely declaratory of the common law to the extent that it imposes on the employer the use of reasonable care. In the absence of proof from which it could be found that defendant knew or might have discovered the likelihood that the ceiling might fall, we fail to see how it could be said that it omitted to exercise reasonable care to provide a safe place to work. We think it is clear that this statute does not impose any liability based on dangers that could not be discovered with the exercise of due diligence.

A like requirement of notice of the danger has been found essential where liability was sought to be imposed for violation of the statutory requirement that every part of a tenement house or multiple dwelling be kept in good repair. (Multiple Dwelling Law, § 78; *Altz* v. *Leiberson*, 233 N. Y. 16.) We think that notice by the employer of a condition such as is complained of here is

required in order to establish a violation of section 200 of the Labor Law. This section is general in character and does not impose the duty of providing any specific safeguard. In this respect it differs from statutes such as section 299 of the Labor Law, violation of which may constitute a cause of action, irrespective of negligence. (See *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287, 304.) Nor is the present case to be confused with a situation where a defendant in constructing a building creates the condition from which the injury results. Necessity for notice would not exist under such circumstances.

Having found that there was no sufficient proof in the case of any violation by defendant of the requirement to furnish plaintiff with a reasonably safe place to work, it becomes evident that it is immaterial whether plaintiff was hired to remedy the condition leading to his injury, and that the jury's finding on that issue has little, if any, bearing on the legal questions presented.

It appears from what we have said that plaintiff may not prevail in this case unless the rule of *res ipsa loquitur* applies so as to permit the jury to infer negligence from the mere happening of the accident. In applying the rule of *res ipsa loquitur*, the trial court stated that it relied on the recent decision of the Court of Appeals in *Foltis, Inc.*, v. *City of New York* (287 N. Y. 108). We find that case dissimilar on its facts. There, a municipality was being sued for damages suffered by an adjacent property owner, caused by a break in a water main. The Court of Appeals held, in effect, that application of the rule of *res ipsa loquitur* did not justify a direction of a verdict contrary to the findings by the jury on specific questions concerning the issue of negligence.

In the *Foltis* case, however, the Court of Appeals did take occasion to state fully the general rules applicable to the doctrine of *res ipsa loquitur*. The court pointed out that there must be a combination of two conditions in order to justify application of the rule of *res ipsa loquitur*. The first of these is that the instrumentality which produces the injury is within the exclusive possession and control of defendant who would thus have exclusive knowledge of the care exercised. The second condition is that there be evidence of circumstances which show that the accident would not have happened without neglect by defendant of some duty which it owed to plaintiff. The decision further pointed out that the application of the rule depended upon " whether, upon ' a common-sense appraisal of the probative value ' of the circumstantial evidence, measured in part by the test of whether it is the best evidence available, inference of negligence is justified."

Applying these tests to the present case, we find that, while defendant herein may have had a sufficiently exclusive possession of apartment 3-A from July thirty-first down to the date of the accident to satisfy the first requirement, there was no proof of circumstances to show that the accident was one which would not ordinarily have happened unless due care was lacking. There was no proof in this case as to when the ceiling was erected or whether defendant had anything to do with its construction. There was no evidence as to whether any untoward event had occurred that might have disturbed or weakened the plaster. There was no evidence whatever of any cracks or bulging in the ceiling. Common experience teaches us that ceilings frequently fall without warning especially in a building which is occupied as a multiple dwelling in a large city. Such buildings are subjected to frequent vibrations or other disturbances from other portions of the premises or even from outside the inclosure. These are conditions over which the owner of the premises has very little, if any, control. We think it would be entirely improper in the present circumstances to permit a jury to say that an inference of lack of care on the part of one in control of a multiple dwelling was warranted from the mere falling of the ceiling in an apartment therein. Here, as was said in *Slater* v. *Barnes* (241 N. Y. 284), " We can imagine that a variety of causes might have made it fall * * *." In the case last cited the question was presented as to the application of the rule of *res ipsa loquitur* to an accident involving a falling ceiling. The Court of Appeals held the rule inapplicable. True, it rested its decision largely on the absence of possession and control of the premises involved by the defendant therein. That element is present here to the extent indicated. The question whether the case of a falling ceiling would be a proper one in which to permit jurors to apply the commonsense rule for the appraisal of the probative force of the evidence so as to permit them to infer negligence from the happening of such an event, was not passed on in the *Barnes* case. We think it would be wholly unwarranted and wholly speculative to permit them to do so, in a building of the present nature, and as to an accident occurring in the present circumstances.

As was said in *Galbraith* v. *Busch* (267 N. Y. 230): " It requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong by the defendant."

We made a similar ruling recently in an action by a tenant occupying a basement store when water damage ensued from overflow from the upper portion of the premises. In that case, it was conceded that the defendant was in exclusive possession

and control of all portions of the premises other than the store occupied by plaintiff. Nevertheless, we held that the case was not one of *res ipsa loquitur*. (*Silver* v. *Dry Dock Savings Institution*, 261 App. Div. 283.)

For the reasons indicated, we are constrained to hold that it was error for the trial court to apply the rule of *res ipsa loquitur* in the present case and that, in the absence of proof of notice, the complaint herein should have been dismissed.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.