Margaret Jane CALHOUN and Richard
Calhoun, Plaintiffs,

v.

NORTHEAST AIRLINES, INC. and Fly-
ing Tiger Line, Inc., Defendants.

United States District Court
S. D. New York.

Nov. 21, 1959.

Gustave G. Rosenberg and Lawrence
M. Rosenberg, New York City, for plain-
tiffs.

Bigham, Englar, Jones & Houston,
New York City, for defendants, John J.
Martin, New York City, of counsel.

WEINFELD, District Judge.

The plaintiff was a passenger on
a plane owned and operated by the de-
fendants which crashed on Rikers Island
shortly after its take-off. The defend-
ants' answer, among other matters, de-
nies they were negligent. The plaintiff
moves pursuant to Rule 56 of the Federal
Rules of Civil Procedure, for an order
striking the answer of the defendants
and granting summary judgment on the
ground that there is no issue of fact
as to liability, leaving open only the ques-
tion of damages which she asks be as-
sessed by a jury. The basis of the mo-
tion, which rests essentially upon the

pleadings, is that plaintiff intends to rely, as she may, upon the doctrine of res ipsa loquitur to establish her case.[1]

Plaintiff urges that since the airplane was under the complete and exclusive control of the defendants, who had exclusive knowledge of the care exercised in its control and management, then upon mere proof of the crash of the airplane and absent any explanation by the defendants, it follows as a matter of law, that they were negligent.

Plaintiff's attorneys would apply the doctrine of res ipsa loquitur as compelling an inference of negligence; they would give it the force of a presumption of negligence.[2]

■■ However, such is not the law. The doctrine, a rule of evidence, permits, but does not require, the trier of the fact to draw an inference of negligence. It does not relieve a plaintiff of his burden of establishing that the defendant was negligent. It does not shift the burden of proof to the defendant nor does it compel a defendant to offer an explanation. If the circumstances of a given case justify the inference of negligence, then the burden of going forward to explain the occurrence shifts to the defendant. The duty of explanation does not arise unless the plaintiff's evidence justifies the inference of negligence.

"The problem in each case is whether the circumstances unexplained *do* justify an inference of negligence."[3]

■ Thus, even if a defendant rested upon a plaintiff's case and offered no explanation where plaintiff properly relied upon res ipsa loquitur, it would not follow that plaintiff would be entitled to a directed verdict as a matter of law. In short, the defendant has a right to remain silent, offer no explanation and, in that event, he would still be entitled to have the jury determine whether or not the inference of negligence is to be drawn from the happening of the accident under the circumstances.[4] The rule has been summarized by the Supreme Court as follows:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the

1. Jurisdiction is based upon diversity and New York law governs. See Galbraith v. Busch, 1935, 267 N.Y. 230, 196 N.E. 36; Slater v. Barnes, 1925, 241 N.Y. 284, 149 N.E. 859; Citrola v. Eastern Airlines, Inc., 2 Cir., 1959, 264 F.2d 815; Lobel v. American Airlines, Inc., 2 Cir., 1951, 192 F.2d 217, certiorari denied, 1952, 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703.

2. A number of cases refer to "inference" and "presumption" interchangeably. See N. Y. Court of Appeals' comment on this in George Foltis, Inc. v. City of New York, 1941, 287 N.Y. 108, 121, 38 N.E.2d 455, 462, 153 A.L.R. 1122. Cf. Griffin v. New York Cent. R. R. Co., 1950, 277 App.Div. 320, 98 N.Y.S.2d 346. But even if a presumption of negligence were permissible, it is doubtful that under New York law this would aid the plain-

tiff. See Century Indemnity Co. v. Arnold, 2 Cir., 153 F.2d 531, certiorari denied, 1946, 328 U.S. 854, 66 S.Ct. 1346, 90 L.Ed. 1626; Salomone v. Yellow Taxi Corp., 1926, 242 N.Y. 251, 259, 151 N.E. 442, 445.

3. Galbraith v. Busch, 1935, 267 N.Y. 230, 233, 196 N.E. 36, 38. See also, Slater v. Barnes, 1925, 241 N.Y. 284, 149 N.E. 859.

4. George Foltis, Inc. v. City of New York, 1941, 287 N.Y. 108, 38 N.E.2d 455; Galbraith v. Busch, 1935, 267 N.Y. 230, 233, 196 N.E. 36, 38; Griffin v. N. Y. Cent. R. R. Co., 1950, 277 App.Div. 320, 98 N.Y.S.2d 346; Judd v. Sams, 1946, 270 App.Div. 981, 62 N.Y.S.2d 678 (mem.), affirmed without opinion, 1947, 296 N.Y. 801, 71 N.E.2d 772.

verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff." [5]

 For the Court to grant summary judgment here would deprive the defendants of their right to have a jury make the fact determination and indeed would trespass upon a litigant's constitutionally protected right to trial by jury.[6]

The motion is denied.

---

5. Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815.

6. Cf. Schulz v. Pennsylvania R. R., 1956, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668; Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603.