■ JOSEPH VALERIO, Appellant, v. SLEETH PONTIAC, INC., et al., Respondents.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Valerio entered into negotiations with Sleeth Pontiac, Inc., an automobile agency, for the purchase of an automobile. The company insisted upon Valerio's obtaining a cosigner because Valerio was unemployed. However, it lent Valerio an automobile in which to travel to seek a cosigner. Valerio returned with Larabee as the prospective cosigner. The exact nature of the transaction or agreement then entered into is not revealed by the record, because the trial court excluded all proof with respect to it, except the fact that Larabee signed a credit application and a conditional sales contract in blank, for the purchase of an automobile to be selected later. Valerio and Larabee drove away in the automobile which had been lent to Valerio earlier in the day. Later that night, while Larabee was driving the automobile, and Valerio was a passenger, the automobile went off the road at a curve and hit a pole. The automobile was wrecked and Valerio was injured. The trial court's ruling was erroneous. In the absence of the proof which the court excluded, it is impossible to determine whether Sleeth Pontiac had given permission to Larabee and Valerio as prospective purchasers to use the automobile temporarily. There was sufficient evidence to allow a jury to find that Larabee's negligence was responsible for the accident. (Cf. opinion of Bergan, J. in *Lo Piccolo* v. *Knight of Rest Prods. Corp.,* 7 A D 2d 369, 376, discussing *Galbraith* v. *Busch,* 267 N. Y. 230.) The dismissal of the action by Valerio against Larabee was therefore improper. The dismissal of the action against Sleeth Pontiac was also improper. If Sleeth Pontiac had given direct permission to Larabee to drive the automobile, Sleeth Pontiac could be held liable to Valerio for Larabee's negligence under section 59 of the Vehicle and Traffic Law. *Glennie* v. *Falls Equip. Co.* (238 App. Div. 7) would not be applicable in that situation. (See *Moriarity* v. *Shyne,* 244 App.

Div. 868; cf. *Cohen* v. *Neustadter*, 247 N. Y. 207.) The proper determination of Sleeth Pontiac's action for conversion or destruction of the automobile also depends upon the proof which was erroneously excluded. All concur, except Williams, J., who dissents as to the reversal of the judgment in favor of the defendant Sleeth Pontiac, Inc., and otherwise concurs, in the following memorandum: I dissent insofar as our order reverses the judgment in favor of Sleeth. Although I agree that the facts were not well developed due somewhat to erroneous exclusion of testimony, nevertheless from the facts that appear in the record I cannot conceive of any circumstances that might develop upon another trial that could establish a prima facie case against Sleeth (*Glennie* v. *Falls Equip. Co.*, 238 App. Div. 7; *Billy* v. *Zajac*, 7 A D 2d 729). In all other respects I concur. (Appeal from a judgment of Onondaga Trial Term dismissing the complaint, with costs on motion by defendants at the close of plaintiff's case, in an automobile negligence action.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.