■ PATRICIA BREEN et al., Infants, by MAURICE BREEN, their Guardian ad Litem, et al., Respondents, v. JOHN AREITER, Appellant, et al., Defendant.— In an action to recover damages for personal injuries sustained by the two infant plaintiffs, passengers in a motor vehicle owned and operated by the defendant Pantages, when such vehicle collided with a vehicle owned and operated by defendant Areiter, the latter appeals from so much of a judgment of the Supreme Court, Queens County, dated June 16, 1960, and entered July 11, 1960, upon a jury verdict after trial, as is in favor of the plaintiffs and against him. Judgment insofar as appealed from reversed, without costs, action severed as to said defendant Areiter and a new trial ordered as against him. The only proof as to such defendant's negligence is that he made a slight unexplained swerve within his own lane. There is no proof that he was ever out of his lane or on the wrong side of the road; no proof of a slippery road, bad visibility or heavy traffic; no proof of dangerous speed, either with relation to road or traffic conditions, or with relation to speed limits; no proof of a slow swerve into a dangerous position which would give warning of impending danger. Such scanty proof does not establish, either directly or by inference, that defendant Areiter caused the accident. On this proof, if it be assumed *arguendo* that his swerve did cause the collision, nonnegligent causation of that swerve is at least as possible as negligent causation. In that case, we would

have to apply the well-settled rule that a defendant must be exonerated if an inference of nonnegligence is as probable as an inference of negligence (*Galbraith* v. *Busch*, 267 N. Y. 230; *Cole* v. *Swagler*, 308 N. Y. 325). In view of the fact that neither driver testified at trial, there should be a new trial at which the proof as to the happening of this accident may be fully developed. Kleinfeld, Christ and Pette, JJ., concur. Beldock, J., dissents and votes to affirm, with the following memorandum: The infant plaintiffs were passengers in an automobile operated by defendant Pantages, which collided with the automobile of defendant Areiter, as both automobiles were traveling in the same direction on the Southern State Parkway. The testimony was that, as the cars were traveling abreast, they both veered toward each other and collided, causing the Pantages car to hit the concrete divider in the center of the parkway separating the eastbound from the westbound roadway. Both cars were going 40 miles an hour in a 35-mile-an-hour zone. There is no claim that the roadway was slippery or that visibility was poor or that traffic was heavy. In my opinion, under the circumstances, the only explanation for the Areiter car veering toward the Pantages car is negligence either in the operation or in the maintenance of the Areiter car. Nolan, P. J., dissents from the majority and concurs with Beldock, J., for affirmance, being of the opinion that the evidence adduced was sufficient to make out a prima facie case of negligence on the part of the defendant Areiter.