HEMINGWAY BROS. INTERSTATE TRUCKING Co. et al., Appellants,
v. DERHAM McLEOD, Respondent.

First Department, December 17, 1964.

*Robert G. Burkhart* of counsel (*Vincent F. O'Rourke,* attorney), for appellants.

*William L. Shumate* of counsel (*Cusack, Shumate & Geoghan,* attorneys), for respondent.

WITMER, J.  On this appeal from a judgment of July 31, 1963 nonsuiting the plaintiffs and dismissing their complaint at the end of their case the court is again confronted with the question of the sufficiency of plaintiffs' evidence to make a prima facie case as to the defendant's negligence when his skidding automobile damaged another vehicle and the plaintiff

driver thereof. We hold that plaintiffs proved a prima facie case; and that the court erred in granting the nonsuit.

On November 18, 1957 at 7:15 P.M. plaintiff Freeman was driving a tractor (which generally, but not at this time, was part of a tractor-trailer unit) of the plaintiff Hemingway Bros. Interstate Trucking Co. northerly on Jerome Avenue, Bronx County, toward its intersection with Edward L. Grant Highway and 167th Street. Jerome Avenue has no center mall, but has solid double white lines in the center to separate northbound and southbound traffic; and it is wide enough for two lanes of traffic in each direction, besides having room for a row of cars to park on each side at the curbs. Grant Highway is divided by a center mall and has at least two lanes for traffic on each side of the mall. From the plaintiffs' evidence the jury could have found that plaintiff Freeman came to a stop at a red traffic light 100 feet south of said intersection. There was another traffic light at the intersection which operates in unison with the first light, i.e., they would both be red together and both green together. It was raining lightly at the time. When the lights turned green plaintiff put on his left turn signal light and proceeded in the left northbound lane of Jerome Avenue at about 10 miles per hour toward the intersection. As he reached the intersection he saw the lights of defendant's southbound automobile 200 feet away, north of the next intersection to the north, and he turned left into Grant Highway; that after the front wheels of plaintiffs' truck had passed the crosswalk of Grant Highway on the west side of Jerome Avenue and its left rear wheel was on said crosswalk, it was struck on the right side by defendant's automobile. Plaintiff Freeman saw defendant's vehicle skid 25 feet just before hitting his truck. It struck with such force that plaintiffs' truck was driven onto the center mall of Grant Highway and against a lamppost therein, and the rim of the left rear wheel of the truck was bent thereby. From the pictures and testimony the jury could find that both vehicles were seriously damaged by the force of the collision. There was no evidence that the roadway was unnaturally slippery.

The court correctly ruled that skidding alone is not negligence (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117); but we hold that the court incorrectly concluded that because there was no direct testimony of the speed of defendant's automobile there was no evidence of negligence for the jury to consider. It is unfortunate that plaintiffs did not have an examination before trial of defendant wherein presumably they could have obtained

sufficient evidence to relieve the courts of the necessity of deciding this issue in this case. (See *Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, 373–374.) Plaintiffs have thus put themselves and the courts to extra work and expense.

The jury could have found that while plaintiffs' truck was traveling about 30 feet at 10 miles per hour in making the left turn into Grant Highway, defendant's automobile travelled 200 feet or more, or well in excess of the speed limit. They also could have found that had defendant been alert to his driving, he could have continued south on Jerome Avenue in the easterly (left) of the two southbound lanes thereof which plaintiffs' truck had already cleared before defendant reached the intersection, and defendant could thus have avoided the collision. Whether defendant was confronted with an emergency not of his own making was thus a question of fact. Moreover, in view of the traffic laws in effect at the time of this accident (Rules & Regulations of N. Y. City Agencies, ch. 26-A, §§ 74, 111; cf. Vehicle and Traffic Law, § 82-b, subject to Vehicle and Traffic Law, § 1642; L. 1957, ch. 698), it was a question of fact for the jury whether prior to the skid defendant was operating his vehicle with the requisite care to enable him to yield the right of way at the intersection to other traffic which was duly signaling to make a left turn; and whether defendant operated his vehicle in violation of such law.

In voting to affirm the judgment below the dissenting Justices rely upon *Galbraith* v. *Busch* (267 N. Y. 230) and like cases, and upon *Lo Piccolo* v. *Knight of Rest Prods. Corp.* (7 A D 2d 369, affd. on a limited ground 9 N Y 2d 662.) In his careful analysis of this type of case in the dissenting opinion in *Lo Piccolo*, Mr. Justice BERGAN pointed out (pp. 379–380) that the principle of the *Galbraith* case is or should be limited to guest passenger situations wherein the passenger assumes risks unknown to the driver owner. Moreover, the principle of that case will not be applied where the driver may be found to have violated the traffic law. (Cf. *Cole* v. *Swagler*, 308 N. Y. 325, 330.) In the *Lo Piccolo* case two vehicles met head-on on a slippery bridge, defendant's vehicle suddenly having left its lane of traffic and moved into plaintiff's path. The jury returned a "no cause" verdict for the defendant; the Trial Justice set it aside as against the weight of the evidence; and the defendant appealed. In reversing and reinstating the verdict two Justices of this court (per BREITEL, J.) were of the opinion, under the rationale of the controlling cases,

that plaintiff had not made out a prima facie case and also that the jury had resolved against the plaintiff the possible questions of fact and that the complaint should therefore be dismissed. Two Justices (BERGAN and McNALLY, JJ.) were of the opinion not only that plaintiff had made out a prima facie case but that because defendant failed to present evidence in explanation of the movement of his vehicle, the verdict for the defendants was against the weight of the evidence, and they voted to affirm the order setting aside the verdict and granting a new trial. Presiding Justice BOTEIN concurred in the opinion for reversal and dismissal of the complaint. He agreed with Messrs. Justices McNALLY and BERGAN, however, that there was a question of fact for the jury, but was of the opinion that the finding of the jury in favor of the defendant was not against the weight of the evidence, and concluded the plaintiff. Thus, a majority of this court in that case agreed that there was a question of fact for the jury. The facts in that case are much stronger for the defendant than in the case at bar, and it is authority in support of the reversal herein. (See, also, *Cutler v. Brockington,* 10 A D 2d 712; and *Evans v. Groves & Sons Co.,* 315 F. 2d 335, 341 *et seq.* [1963].)

In the *Evans* case (*supra*) FRIENDLY, J., writing for the Circuit Court of Appeals reviewed the New York law with respect to skidding automobiles and stated that it is '' one of the most slippery areas of New York tort law ''. We agree with his conclusion that in New York in a case where the plaintiff is not a guest in defendant's vehicle and is injured by reason of a skid occurring under '' extraordinary conditions '' known to the defendant (pp. 344–345) '' the plaintiff would be deemed to have done enough to shift to the defendant the burden of proffering such evidence as is reasonably available to him; if, as here, the defendant fails to do this, the plaintiff then goes to the jury not simply on his own evidence of the skid but with the added help of the inference from the defendant's failure to produce available evidence, 2 Wigmore, Evidence (3d ed. 1940), §§ 285, 290 (5), and the combination meets his burden of persuasion. At least this appears to us the right view, see Jaffe, Res Ipsa Loquitur Vindicated, 1 Buffalo L. Rev. 6–7 (1951), and we see nothing in New York jurisprudence to indicate that the Court of Appeals will not adopt it when the issue is squarely presented.''

Included in the inferences which the jury might draw at the end of the plaintiffs' case and the failure of the defendant to explain the accident would be the inference that the defendant

did not use due care in applying his brakes. (Cf. *Di Salvo* v. *City of New York,* 254 App. Div. 886.)

Judge FRIENDLY also held in the *Evans* case (p. 345) that "The scant evidence here does afford, however, enough support for an inference that defendant's truck was being driven at a speed excessive under the circumstances." In the case at bar, as in the *Evans* case, the facts presented were sufficient to permit the jury to infer that defendant was operating his vehicle too fast, without due regard to the conditions of the weather, the traffic and the imminence of the intersection; and hence it was error for the court to grant the nonsuit and dismiss the complaint.

The judgment dismissing the complaint, therefore, should be reversed, on the law, and a new trial granted to the plaintiffs, with costs.

BREITEL, J. P. (concurring). While still of the view expressed by me in *Lo Piccolo* v. *Knight of Rest Prods. Corp.* (7 A D 2d 369, affd. on limited ground 9 N Y 2d 662) that the rationale in *Galbraith* v. *Busch* (267 N. Y. 230) and the cases following it is broader, expressly, than would cover only the category of the passenger guest situation, and that it is up to the State's highest court to narrow its own doctrine, if that be its considered conclusion, I concur in the views expressed by Mr. Justice WITMER. This is required by the fact that in the *Lo Piccolo* case, a majority of this court were of the view, by way of alternative holding, that the *Galbraith* doctrine should be confined to the passenger guest situation.

I would only repeat that with respect to policy considerations, the advent of broad discovery procedure available to plaintiffs makes less significant a reconsideration of the *Galbraith* doctrine.

Moreover, the facts here are somewhat distinguishable from those involved in the typical skidding cases. In this case, defendant kept on coming although the turn had been signalled in ample time to permit a prudent driver operating at permissible speeds under the existent weather conditions to avoid a collision with one who arguably had the right of way. The skid was not so much the cause of the collision as evidence that defendant had not seen, as he should have, plaintiffs' truck or that he failed to exercise care in slowing his vehicle or bringing it to a stop.

Accordingly, I concur to the extent indicated in the opinion by Mr. Justice WITMER and vote to reverse, on the law, the judgment dismissing the complaint, and to grant a new trial.

STEUER, J. (dissenting). We dissent and vote to affirm.

In so doing we do not find it necessary to inquire deeply into the effect of decisions on the subject of skidding. A contact resulting from skidding invokes no liability. This is so because in the present state of engineering knowledge a skid may result without any negligent act on the part of the driver of the skidding vehicle (*Lahr* v. *Tirrill,* 274 N. Y. 112). There must be additional proof to show that the defendant's negligent driving caused the skid which, in turn, caused the accident. This is in accord with the general principle that it is always incumbent on the plaintiff to show that it was the defendant's negligence that was the factor which caused the accident (*Galbraith* v. *Busch,* 267 N. Y. 230).

Here there was no proof of any negligence. It is argued that there is proof from which negligence might be deduced. We challenge the existence of such proof. Concededly, it had been raining for a considerable period. The pavement consisted of cobblestones, a surface unusually slippery when wet. The evidence of the plaintiff is that defendant's car started to skid while 25 feet north of the intersection. There was absolutely nothing to show that, had defendant's car not skidded, he would not have passed behind plaintiff's truck without contact. Concededly, there was no proof of excessive speed (though it is argued from a nice calculation of respective speeds and distances that this may be inferred) nor, more important, is there anything to show that excessive speed, if it did exist, caused the skid (cf. *Cole* v. *Swagler,* 308 N. Y. 325). It is argued that the jury might have found that the skid was the result of improper application of the brakes. But there is not the slightest evidence that the brakes were applied, let alone improperly. (Note there was such evidence taken on defendant's counterclaim, taken after the complaint was dismissed, but this evidence is not properly part of the case on appeal.)

The complaint was properly dismissed.

BREITEL, J. P., and McNALLY, J., concur with WITMER, J.; BREITEL, J. P., also concurs in separate opinion; STEUER, J., dissents in opinion, in which VALENTE, J., concurs.

Judgment reversed on the law and a new trial granted, with $50 costs to appellants.