■ VERNELL GODFREY, Appellant, v. COUNTY OF NASSAU, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered September 26, 1963 upon the court's decision, which dismissed the complaint after a nonjury trial. Judgment affirmed, without costs. Plaintiff was injured when a manhole cover, maintained by defendant on a public street, tilted as he stepped upon it. The principal question presented is whether plaintiff established a prima facie case under the doctrine of *res ipsa loquitur.* It is our opinion that plaintiff may properly invoke that doctrine on this appeal, although specific acts of negligence were alleged in the complaint, since there was no attempt to prove those acts on the trial (cf. *Manley* v. *New York Tel. Co.,* 303 N. Y. 18; *Fischer* v. *Johnson & Sons,* 20 Misc 2d 891). However, it is also our opinion that, on the record presented, defendant did not have such exclusive control of the manhole cover as would justify the application of the *res ipsa loquitur* doctrine (cf. *Galbraith* v. *Busch,* 267 N. Y. 230, 234; *George* v. *City of New York,* 22 A D 2d 70, 71; Anno., 174 A. L. R. 608-611). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.