JOSEPH BARBAGALLO, Respondent-Appellant, v. AMERICANA CORP., Respondent, and NORMAN THIERER, Appellant.— Judgment in favor of plaintiff against defendant Thierer and dismissing plaintiff's complaint as against defendant Americana Corp., affirmed, with $50 costs and disbursements to plaintiff-respondent as against defendant-appellant (Thierer) and with $50 costs and disbursements to defendant-respondent (Americana Corp.) as against plaintiff. Although we agree with Mr. Justice McNALLY, in dissent, that it was error for the trial court to exclude evidence of the telephone conversations occurring shortly prior to the assault, it is clear that, on the basis of defendant's (Thierer's)

testimony as to the circumstances surrounding the shooting and as to his state of mind, such error was harmless and not prejudicial. On the undisputed facts, it could not have affected the result. The defendant testified that he acted "in a matter of anxiety and excitement, when my life is in peril. * * * My life certainly was in peril * * * I knew there was a threat on the way to kill me then * * * I was in the emotion of fear of my life, in peril, my family's life in peril. * * * It's emotion that causes a man to pull a trigger — when he fears. When he fears for his life and his family with a maniac coming to the house." Then he testified that, before he pulled the trigger, the plaintiff was in the vestibule leading to plaintiff's apartment, "ranting, raging, knocking out windows * * * kicking down the door * * * I heard glass flying"; that "His hand moved toward something. * * * Like to draw for something"; that he was "making one hell of a commotion before the shot was fired and before his hand reached"; that the plaintiff was shouting "'I'll kill you'. That's enough to make any man go for a rifle. * * * I'll get a rifle when a man says he's going to kill me and my family. I'll go for that rifle." Taking the defendant at his word, his fears were based on the plaintiff's threats and actions on the scene; the alleged telephone conversations prior to the occurrence could not have been the basis of defendant's claimed apprehension of harm at the hands of plaintiff. In any event, the proof of such conversations would have been merely in the nature of insubstantial cumulative evidence bearing on defendant's state of mind. Furthermore, under the circumstances, the defendant's alleged fears could not have justified the gross culpability of his acts. The defendant testified that when he heard the commotion made by plaintiff in the downstairs vestibule, he armed himself with a .22 calibre rifle which, he admitted, could kill with one shot; that he deliberately loaded the rifle and crouched on the stairs on a landing behind the cover of a bend of the staircase; that he saw the plaintiff through the curtained glass of the door, and that when the plaintiff kicked the door and broke the glass, the defendant fired without warning. The bullet from the rifle went through the glass of the door and hit the plaintiff in the abdomen. It is a general rule that in the defense of one's self and his family, he may use no more force than that which reasonably appears necessary for protection. (See 3 N. Y. Jur., Assault and Battery, § 10; 6 C. J. S., Assault and Battery, § 92; see, also, former Penal Law, § 42.) Moreover, to justify the use of a deadly weapon against an attacker, the person attacked must show danger or apparent danger of death or of great bodily harm. (See 3 N. Y. Jur., *supra,* § 10; Anno. 25 ALR 2d 1215; cf. new section 35.15 of Penal Law, as added by L. 1968.) Here, on the undisputed facts, at the time of the shooting, neither the defendant nor his family was in such danger or apparent danger. The plaintiff was then still outside the door of the apartment, and some distance away from the defendant who was crouched on the stair-landing. The defendant's family was safely located in the apartment upstairs and the defendant himself was so positioned behind the stairway wall at the bend of the stairs as to be protected from immediate danger. Under these circumstances, we fail to see how the proof of the alleged telephone conversations could support a finding of a state of mind justifying the shooting of the defendant when he had not yet entered the apartment. Finally, the court did not err in refusing defendant's request to charge the jury that the failure of the plaintiff to produce his wife "gives the jury the right to infer that if she were produced here, she would not corroborate what he said with reference to the incident occurring at his home, and at which she was a witness." The request was improperly framed in that such a charge would permit the jury to speculate with respect to what plaintiff's wife might have testified to. (See *Seligson, Morris & New-*

*burger* v. *Fairbanks Whitney Corp.*, 22 A D 2d 625, 629–630; *Robinson* v. *City of New York*, 5 A D 2d 197, 199; *Sugarman* v. *Brengel*, 68 App. Div. 377.) Concur — Stevens, P. J., Eager and McGivern, JJ.; Tilzer and McNally, JJ., dissent in the following memorandum by McNally, J.: I vote for reversal and for a new trial. Plaintiff's theory of the case was that defendant-appellant assaulted and shot him without cause or justification. The defense was justification and self-defense, and the learned trial court so charged. The exclusion of evidence tendered by defendant-appellant was prejudicial to his case. The assault was conceded. In order to justify self-defense, the state of mind of defendant-appellant was material, and it was error to exclude the telephone conversations had shortly prior to the occurrence of defendant-appellant with plaintiff's wife and of defendant-appellant's wife with an unidentified male which she conveyed to defendant-appellant. These conversations should not have been admitted for the truth of the statements but merely as evidence of appellant's state of mind. Appellant's telephone conversation with plaintiff's wife conveyed to him plaintiff's intention to kill him. (*Ferrara* v. *Galluchio*, 5 N Y 2d 16, 20; *People* v. *Hines*, 284 N. Y. 93, 110; *People* v. *Jung Hing*, 212 N. Y. 393, 406; *Stokes* v. *People*, 53 N. Y. 164, 174–175.) Appellant's apprehension was buttressed by plaintiff's forcible entry into defendant's home. Further, it was error, in my judgment, for the learned trial judge to refuse to charge the effect of plaintiff's failure to call his wife as a witness. The request, although imprecise in form, was sufficient to alert the Trial Judge that a request substantially in the language requested should have been given. (*Galbraith* v. *Busch*, 267 N. Y. 230, 233; *Schwier* v. *New York Cent. & Hudson Riv. R. R. Co.*, 90 N. Y. 558, 564; *Rider* v. *Miller*, 86 N. Y. 507, 510; *Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640.)