MAUD D. LAHR, Respondent, *v.* MABEL C. TIRRILL, Appellant.

JOHN B. LAHR, Respondent, *v.* MABEL C. TIRRILL, Appellant.

Argued March 25, 1937; decided April 27, 1937.

*Oscar J. Brown* for appellant. Defendant's motion for a nonsuit at the conclusion of plaintiff's case should have been granted. (*Hammond* v. *Hammond,* 227 N. Y. Supp.

336; *Rango* v. *Fennell,* 168 N. Y. Supp. 646; *Ruback* v. *McCleary,* 220 N. Y. 188; *Digelormo* v. *Weil,* 260 N. Y. 192; *Ford* v. *McAdoo,* 231 N. Y. 155; *Baulec* v. *N. Y. & Harlem R. R. Co.,* 59 N. Y. 356; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248; *Bond* v. *Smith,* 113 N. Y. 378; *Wiwirowski* v. *L. S. & M. S. R. Co.,* 124 N. Y. 420; *Wieland* v. *D. & H. C. Co.,* 167 N. Y. 19; *Lamb* v. *Union Ry. Co.,* 195 N. Y. 260; *Powers* v. *N. Y. C. & H. R. R. R. Co.,* 60 Hun, 19; *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 131.) The fact that the defendant may have applied her brakes after the car started to skid is not negligence. Even if the defendant had applied her brakes after the car started to skid, and, in doing so, erred in judgment, the jury could not find negligence since a mistake in judgment in an emergency is not negligence. (*Bittner* v. *Crosstown Ry. Co.,* 153 N. Y. 76.)

*James A. Leary* and *Walter A. Fullerton* for respondents. Defendant's negligence was a question for the jury. (*Ackerman* v. *Stacey,* 157 App. Div. 835; *Burd* v. *Bleischer,* 208 App. Div. 499; *Mertz* v. *Conn. Co.,* 217 N. Y. 475; *Pellegrino* v. *Smith Co.,* 226 N. Y. 165; *Raolaslovic* v. *N. Y. C. R. R. Co.,* 245 N. Y. 91.) Whether negligence in operation of the automobile in this case caused the skidding, and whether the car was being properly operated in view of all the circumstances, was a question of fact. (*Altenkirch* v. *National Biscuit Co.,* 127 App. Div. 307; *Philpot* v. *Fifth Ave. Coach Co.,* 142 App. Div. 811; *Daly* v. *Horton Ice Cream Co.,* 166 App. Div. 28; *Anderson* v. *Schorn,* 189 App. Div. 495; 231 N. Y. 590; *Arpino* v. *Beyl,* 214 App. Div. 289; *Smith* v. *Levison,* 226 App. Div. 706; 252 N. Y. 543; *Counter* v. *N. Y. Tel. Co.,* 259 N. Y. 554; *Lakin* v. *Wright,* 230 App. Div. 330; *Andrews* v. *Cayuga Omnibus Corp.,* 235 App. Div. 888; 261 N. Y. 522.) There was evidence to justify the finding that plaintiff was injured by defendant's negligence. Whether or not defendant exercised due care was a question of

114

fact for a jury. (*Railroad Co.* v. *Stout*, 17 Wall. 657; *Texas & Pacific Ry. Co.* v. *Harvey*, 228 U. S. 319; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Edgerley* v. *L. I. R. R. Co.*, 44 App. Div. 476; *Luther* v. *F., J. & G. R. R. Co.*, 160 App. Div. 366; *Shea* v. *United States Trucking Corp.*, 200 App. Div. 821; 235 N. Y. 529; *Burd* v. *Bleischer*, 208 App. Div. 499; *Warner* v. *N. Y., O. & W. Ry. Co.*, 209 App. Div. 211.)

RIPPEY, J.   Maud D. Lahr and her husband have brought actions against defendant, the former to recover damages for injuries received by her in an automobile accident and the latter to recover for expenditures made by him for medical treatment for his wife, etc.   The cases were tried together and resulted in a $4,000 verdict for the wife and a $1,000 verdict for the husband.   Judgments for plaintiffs were affirmed by the Appellate Division by a divided court.   Defendant rested at the close of plaintiffs' case without introducing any evidence. Motions for nonsuit and direction of verdict were made by defendant, but decision was reserved.   After the jury rendered their verdicts, the motions were denied, as was a motion for a new trial under section 549 of the Civil Practice Act.   The question presented is whether there was evidence of negligence on the part of defendant authorizing submission of the cases to the jury.   We think there was not.

Plaintiff Maud D. Lahr, a resident of Round Lake, New York, and defendant, a resident of Williamsport, Pennsylvania, were old acquaintances.   Defendant had been visiting at plaintiffs' home prior to the accident. At about 7 A. M. on January 9, 1933, Mrs. Lahr and defendant left Round Lake in defendant's Hudson sedan for Williamsport.   Defendant operated the car and was an experienced and careful driver, and Mrs. Lahr occupied the front seat beside her.   At the start of the trip, the weather was clear and the road dry.   They proceeded through Sehenectady along the highway leading to Binghamton at the rate of about thirty miles per hour,

when it started to snow and the road became slippery and slushy and later, icy. About twenty-five miles out of Schenectady defendant felt the car slew on a curve and asked Mrs. Lahr if she noticed it. At the suggestion of the latter, the speed of the car was reduced to twenty miles per hour and continued at that rate until just before the accident. Reaching a point about thirty-five miles out of Schenectady at around 8:30 A. M., while driving on a crowned macadam road about eighteen feet wide with dirt shoulders, defendant proceeded on the right-hand side of the road down a hill on a left-hand curve of approximately twenty-two degrees, without mishap. The curve in the road extended beyond the foot of the grade over which they had safely passed and up a hill to the southwest up a moderate grade. Mrs. Lahr testified that it was necessary and proper to increase the speed of the car to make this grade. Defendant put on the gas; the speed of the car increased to about thirty miles per hour before the foot of the hill was reached. At that speed the car proceeded a short distance up the hill, whereupon the rear end slewed slightly to the right, then the car skidded across the road to the left and back again to the right, struck a post in a guard rail, proceeded without slackened speed up the road about seventy-five feet to a dirt lane and turned in. One of the front wheels of the car struck the root of a tree and the car turned over. Mrs. Lahr testified that she thought or felt that the brakes were applied. Her testimony was uncertain and conflicting on the point of the application of the brakes. They were applied, if applied at all, just before the car started to skid to the left or during the skid. The windshield wiper was working. The snow formed a light covering on the road, but there were no ruts or tracks and no traffic to interfere with defendant's operation of the car. Mrs. Lahr said that she operated a car herself and that defendant, on the occasion of the accident and under the conditions then obtaining, operated the car as she would have done under

similar circumstances. Upon those facts it was left to the jury to guess and surmise that defendant had violated some duty upon which negligence could be predicated.

No proof was offered that there was anything wrong with the mechanism of the car or that the tread of the tires was worn down and smooth. Mrs. Lahr assumed the risk of injury from any defect in the car that may have existed and caused the accident, unless defendant knew about it. (*Galbraith* v. *Busch*, 267 N. Y. 230.) There was failure to question the witness called by plaintiffs who had an opportunity to examine the car concerning its condition after the accident. Plaintiffs did not call the garage man who took charge of the car after the accident, and offered no explanation for his absence from the trial. Had there been anything out of order in the car which might have explained the accident and by which defendant might have been shown negligent, it is presumed that plaintiffs would have produced the evidence.

There was nothing left in this case except the skid of the car on a slippery road, the movement of the car at thirty miles per hour and the possible application of the brakes by a skillful operator just before or during the skid. There is no evidence that the act of increasing the speed of the car was coincident with or had anything to do with the skid; in fact, the opposite appears. The road was clear of traffic and the speed of the car had been increased to thirty miles per hour before the foot of the hill was reached. There is no evidence or anything from which an inference can be drawn that a speed of thirty miles per hour under the conditions then obtaining constituted negligent operation of the car. On the contrary, it was good practice and Mrs. Lahr testified it was necessary to increase the speed to enable them to make the grade. No presumption of negligent operation would arise until a speed of forty miles per hour is reached. (Vehicle and Traffic Law [Cons. Laws, ch. 71], § 56, subd. 1-b.) There was no positive evidence that the brakes were applied at any time. Mrs. Lahr said she *thought* or *felt*

that the brakes were applied either before the car skidded to the left or during the skid. Even so, there is no testimony by any one that the application of the brakes had anything to do with the skid, nor was there any evidence from which any inference could be drawn to that effect. If the brakes were applied at an inopportune time under the circumstances, negligence cannot be found from that fact, and the court so charged. There was nothing to show that the brakes were out of order, that application of pressure on the drums attached to the wheels was irregular or that the brake mechanism was properly or improperly adjusted or that pressure was equalized when applied or that the brakes, when applied, had not previously worked properly.

The whole question of negligence was left to guess, speculation and surmise. The cause of the skid was not shown; there was nothing to show that the skid occurred because of a defective condition of the car or because of its negligent operation. Under the facts here, there was no proof of negligence. The burden was on the plaintiffs to produce evidence of negligence; it could not be inferred from the fact that the car skidded or that the accident happened, nor could it be left to guess, speculation or surmise. The court so charged, in substance. It is the law of this State. (*Galbraith* v. *Busch, supra; Hammond* v. *Hammond,* 227 App. Div. 336; *Rango* v. *Fennell,* 168 N. Y. Supp. 646.) And if the evidence, such as there is, is capable of an interpretation equally consistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence. (*Digelormo* v. *Weil,* 260 N. Y. 192.)

In each case the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. (See 274 N. Y. 611.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.