MARY MULLIN, Respondent, *v.* ERNEST RIDDELL, Appellant.

JAMES MULLIN, Respondent, *v.* ERNEST RIDDELL, Appellant.

Appeal by the defendant, in each of the above-entitled actions, from a judgment of the Supreme Court, entered in the Montgomery county clerk's office on June 26, 1936, and also from an order entered in said clerk's office on December 1, 1936.

Defendant appeals from a judgment in favor of the plaintiff Mary Mullin recovered for personal injuries and damages, and from a judgment recovered by James Mullin for medical expenses and loss of services of his wife. She was struck by a car driven by defendant in the city of Amsterdam at the intersection of Guy Park avenue and Market street on March 13, 1935, about eight o'clock

in the morning. Market street, on which defendant was driving, has more than a twelve per cent grade. The street was covered with ice, which was observed by the defendant prior to starting down. His car, at the beginning of the descent, was in low gear. He shifted into second and attained a speed of from eighteen to thirty miles an hour. His automobile skidded upon the ice and went upon the westerly sidewalk and struck a building. The sidewalk was partially clear of ice and defendant had his car wholly or partly under control so long as he stayed on the sidewalk. After hitting the building, he turned his car back toward the street and traveled diagonally down the sidewalk. The plaintiff Mary Mullin on the sidewalk saw the car coming directly toward her and went into the street. Defendant followed, striking and injuring her.

The jury was justified in finding defendant negligent for shifting from low to second gear and for driving at a rate of speed that was excessive on so icy a pavement, and further it was justified in finding him negligent for turning his car back into the street when it had come to rest against the building.

Judgments affirmed, with costs in one action.

Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur; McNamee, J., dissents, with an opinion, and votes to reverse the judgments and to dismiss the complaints.

McNamee, J. (dissenting). This record, in so far as I have found, discloses no negligent act nor any negligent omission on the part of the defendant to support the judgment.

Market is one of the most important streets in the city of Amsterdam, and part of it is a very steep hill. On the morning of March 13, 1935, it was coated with ice upon which a light snow had fallen. The defendant was proceeding down this hill with his automobile in second gear. The car suddenly lurched and skidded to one side, and continued to skid, and the defendant applied his brakes intermittently and cautiously, using the steering devices to keep the car in the road, and tried to stop, but could not do so. The automobile was beyond his control, zigzagged down the hill to a point near the bottom, where it ran onto the sidewalk for some distance, struck a store building, bounded back into the driveway, went across the street, struck a mail box and an electric light pole, and then came to a stop. It appears not to have come to rest in the interim of the first skidding and the striking the pole.

The plaintiff was walking on the sidewalk at the time, and saw the car approaching her, and hurried into the driveway to avoid it; but instead she ran into the path of the uncontrolled vehicle, and was injured.

Almost at the same time an automobile truck started down the hill, and skidded at the same place, but it was finally brought to a stop somewhere on the hill. Then a third car followed, skidded at the same place, got beyond the control of the driver, turned around and came down the hill backward, and crashed into the standing truck before it could be stopped. And still a fourth car followed, skidded at about the same place, and came down the hill with its wheels sliding.

These facts are not in dispute.

The charge of the trial judge, which was clear and as complete as might be in the circumstances, pointed to no act nor to any omission of the defendant which, if established, was or could be properly characterized as negligent, nor to any evidence which, if true, would be a basis for a finding of negligence. The trial judge with nice acumen asked the jury:

" What did this man do to cause that accident that ordinary care and prudence would have restrained him from doing? "

" What did he fail to do, which the average careful person would have done under the circumstances shown? "

No answers were given to these questions by him hypothetically, by illustration, or otherwise. And then the charge proceeded: " The movements that the car made, the distance it went, the time elapsed to when the car ended up after the accident, the total distance it traveled, in view of the icy condition of the street and the steep grade, take all those things into account, and then apply the rule: did he fail to use ordinary, average care under the circumstances shown? "

Of course, after the car left his control, none of these things was evidence of defendant's negligence. After a review of the testimony, and the instructions above noted, the trial judge pointed to no particular delinquency that was in question, nor did he advise the jury that there was any evidence of an act or of an omission which, if true, was proof of negligence. On the contrary, he instructed the jury in effect that they might consider the movements of the car, the distance it traveled, the icy condition, and the steepness of the grade, and find the defendant guilty of negligence, without regard to the skidding of the car, the cause of the skidding, defendant's freedom from responsibility therefor, and the effort and skill employed to avert a catastrophe.

It is evident that if the defendant was not negligent in causing the car to skid, or in losing control of it, an emergency at once arose which was not chargeable to him. Judgment and skill then were of little value, even if properly exercised; and, of course, their measurement by the law is not exacting in the face of great peril.

In so far as the evidence in this record discloses, the skidding of the automobile was explained by the snow and ice on the hill and the movement of other cars at the same time and place. There is no other explanation. It was a " pure accident," as was all that followed. Before the defendant can be held liable, there must be competent proof that he did a wrongful act, or omitted a duty. I find no such proof. (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117; *Galbraith* v. *Busch*, 267 id. 231, 233; *Hammond* v. *Hammond*, 227 App. Div. 336; *Smith* v. *Levison*, 222 id. 310; *Burkes* v. *Lieberman*, 218 id. 600; *Joyce* v. *Brockett*, 205 id. 770; *Philpot* v. *Fifth Avenue Coach Co.*, 142 id. 811.)

The judgment should be reversed, and the complaint dismissed.