In the Matter of the Application of MICHAEL E. NIAL, Petitioner, against LOUIS H. PINK, as Superintendent of Insurance of the State of New York, Respondent.— Review of a determination of the Superintendent of Insurance, under article 78 of the Civil Practice Act, which denied the application of the petitioner for a renewal of his license as an insurance broker. There was sufficient evidence to sustain the finding that petitioner as an inducement for the placing of insurance with him offered to pay the State license fee for the taxicab. Determination confirmed, with fifty dollars costs and disbursements. Hill, P. J., Heffernan and Schenck, JJ., concur; Crapser and Bliss, JJ., dissent and vote to annul the determination, and to remit for the purpose of making proper findings.

HERMAN T. RICHARDSON, Respondent, v. LEWIE D. HUMPHREY, Appellant. DIMMIE B. RICHARDSON, Respondent, v. LEWIE D. HUMPHREY, Appellant. — Appeals from judgments of the Supreme Court, rendered upon verdicts of a jury in favor of the plaintiff and against the defendant for $9,557.43 and $7,368.62, respectively, entered in the Saratoga county clerk's office on March 17, 1939, and from orders entered in the same office on March 20, 1939, denying defendant's motions to set aside the verdicts and for a new trial. It is contended that no actionable negligence on the part of the defendant was shown and reliance is had on the cases of *Lahr* v. *Tirrill* (274 N. Y. 112) and *Galbraith* v. *Busch* (267 id. 230). These cases are not applicable. Plaintiffs were riding as passengers in defendant's automobile which was proceeding along a concrete State highway. Defendant, who was driving, saw a bus approaching from the rear and drove off the concrete onto the right shoulder of the road and proceeded along the shoulder for some distance. He then pulled back on the concrete, ran diagonally across the road to his left and there struck a car which was parked off the road. During all of these maneuvers defendant's car was proceeding at better than forty miles an hour and did not slow down. It was negligence for the defendant to drive off the concrete while proceeding at the speed of forty miles an hour or better and then to drive diagonally across the road onto his wrong side and strike the parked car. Reasonably careful and prudent drivers do not operate their automobiles in this manner. Complaint is also made as to the size of the verdicts. A careful examination of the proof shows that while liberal, we cannot say they were excessive. Judgments and orders unanimously affirmed, with one bill of costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.