GERTRUDE BRANDT, as Administratrix of the Estate of EDNA M. BRANDT, Deceased, Respondent, *v.* BERNICE C. JONES, as Administratrix of the Estate of MICHAEL G. WELSH, Deceased, Appellant.

Third Department, February 5, 1959.

Seybolt & Seybolt (*Francis Paternoster* of counsel), for appellant.

*Harold E. Hyzer* and *Livingston S. Latham* for respondent.

BERGAN, J. In an accident on Route 7 near Sidney, both the plaintiff's intestate, a passenger in an automobile, and defendant's intestate, its owner and driver, were killed instantly when the car ran into a bridge abutment. The plaintiff has had a recovery against defendant.

No living witness is known to have observed the actual occurrence of the accident. There is circumstantial evidence of operation of the vehicle at a high rate of speed at the time of the accident; there is direct evidence of high speed at a place closely adjacent to the place of accident.

A witness living in a house about one quarter of a mile from the site of the bridge abutment testified that he saw the defendant's intestate pull rapidly out of the driveway of the house next door and accelerate his speed. The witness said: " he was speeding coming out of the driveway and up toward Unadilla fast." This was easterly in the direction of the bridge.

This witness said that he heard the crash of the collision at the bridge one quarter of a mile away from 10 to 12 seconds after the car had left the driveway. Another witness who lived much nearer to the site of the accident, about 30 or 40 feet from the bridge, testified that as he sat in his house watching television he heard " this big noise outside ", and looking up " could still see " the sparks of the car sliding on the pavement.

Observations of witnesses at the site after the accident were that there was a wheel track on the right shoulder of the road leaving the edge of the pavement and running 60 feet to the abutment at the place of impact. Three guard rails along the shoulder were broken in this area. The bridge abutment itself showed marks of heavy impact. The vehicle was grossly damaged.

Finally, all the proof of all witnesses on the scene who made observations on the subject was to the effect that there were no marks from skidding or sliding on the highway over the bridge east of the point of contact for a distance of from 27 to 32 feet from where the car was found after the accident. There is proof the car was in good working order shortly before the accident. There are some slight curves in the area; but the photographs and a diagram in evidence disclose that the road as it approached the bridge abutment was straight.

We have before us, therefore, a case in which no one now living actually saw the accident; or actually saw the vehicle run up to the place of accident. But we have the benefit of a strong chain of circumstantial facts which make the conclusion there had been excessive speed quite as inescapable as though the occurrence had been fully described from the remembered impressions of living witnesses.

The observed speed with which the car left the driveway a quarter of a mile away; the extremely short period in which thereafter the noise of a crash was heard, which would indicate an exceedingly high speed rate; the broken guard rails; the loud noise and heavy physical effects of impact; the probability that the vehicle was hurled above the ground for 30 feet after the impact; all these things together point to speed — and to the kind of speed which a jury readily could find to have amounted to negligent driving and to have been an effective element in causation.

In her argument for reversal appellant places reliance in part on such authorities as *Galbraith* v. *Busch* (267 N. Y. 230) and *Lahr* v. *Tirrill* (274 N. Y. 112). Those are cases where no negligent causation was shown. In one the car left the highway and ran into a tree; in the other the car skidded. In both cases speed was conspicuously absent. The court could find no basis for holding negligent causation; essentially there was a showing of accident and nothing more.

There is, of course, a difference which may become vital between an accident which nobody sees and an accident which nobody can ascribe to a negligent causation. The unwitnessed accident may be fully demonstrated to be ascribable to negligence by sufficient circumstantial proof; the other may be fully described in detail by witnesses, as in the cases of *Galbraith* and *Lahr,* but not sufficiently attributed to negligent operation. When a car leaves a road the possibility always may exist that part of the cause was some mechanical failure which cannot be demonstrated because the driver is dead and the vehicle dam-

aged beyond reconstruction. But the difference between an unexpected mechanical failure in a vehicle which is being carefully operated and an unexpected mechanical failure in a vehicle which is being carelessly operated is a distinction which ought to be kept clearly in mind.

In the former instance the driver might readily be excused for not anticipating something not foreseeable with reasonable care; but in the latter instance it is often not feasible to isolate the mechanical failure from the negligent operation in which it played a part. This is something quite different from the "balance of probabilities" illustratively discussed by CROUCH, J., in *Tortora* v. *State of New York* (269 N. Y. 167, 170).

If a mechanical failure of a motor vehicle could be placed in a tight factual vacuum and treated as the sole cause of an accident, no doubt the driver would not be responsible to his guest passenger if, without prior signal to his awareness, he does not foresee the failure.

But if, for example, a wheel comes off while a car is being driven on a straight road at 75 miles an hour and separation of the unexpected mechanical failure from the careless method of operation is not precisely possible, the driver ought to expect to take the full consequence of the accident if the jury finds his negligence was ingredient to its occurrence even if he did not expect the wheel to come off. When and where the separation of operation from defect into different compartments is possible is a matter of degree; but it would present a rare case where the precise separation will be required as a matter of law and the question taken away from a jury.

The decision in *Cole* v. *Swagler* (308 N. Y. 325) was not a holding that circumstantial evidence of negligence is not adequate where the participants in an accident are dead; on the contrary it was held that this is often the only available form of proof (p. 329). Nor was it held there that excessive speed could not be negligence.

What was held was that the speed was not sufficiently shown by the circumstances in that case to have been in excess of the statutory 50 miles an hour and that under the facts of that record excessive speed could not be found to have been a proximate cause of the accident. We do not read this decision as requiring it always to be shown that as an indispensable condition for a jury's finding, negligence arising from excessive speed when a car goes off a road, there must be a curve in the road or slippery pavement.

It could scarcely be regarded that great speed itself is not negligence if it weighs into the cause of an accident; indeed, by common consent of all observant users of highways, speed in our era is at once the spectre of casualty and the epitome of negligence.

That pure speed may be an effective cause of accident is a point which does not need belabored elaboration. Going unexpectedly off the pavement of a straight dry road at 45 miles an hour is one thing; going off at 75 miles an hour is quite something else as far as the production of casualty is concerned. There seems, for example, in the case before us, no good reason why the driver should not have been able to keep control of his car within the 60 feet he was on the shoulder if his speed had not been excessive.

At any rate on the record before us we regard the running off of the car into the shoulder and the collision with the guard-rails and the bridge abutment, which ought to have been in plain sight of the driver, as well as the manifest high speed of operation, taken together, as adequate evidence of negligent causation of the casualty.

On this subject plaintiff is, additionally, entitled to the liberal rule of proof applicable to this kind of a case. (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 80; *Van Horn* v. *Messina*, 3 A D 2d 918). The limited dependency of the children of plaintiff's intestate on her support shown in the record justified the reduction of the verdict directed at Trial Term.

The judgment should be affirmed, with costs.

FOSTER, P. J., GIBSON and HERLIHY, JJ., concur.

Judgment affirmed, with costs.