Howard Gooch, Respondent, *v.* Ronald Shapiro, Appellant, and Andrew Holinko, Appellant-Respondent. (Action No. 1.)

Jane Holinko et al., Respondents, *v.* Ronald Shapiro, Appellant. (Action No. 2.)

Adam Orzuchowski, Respondent, *v.* Ronald Shapiro, Appellant. (Action No. 3.)

First Department, February 24, 1959.

308

*William F. McNulty* of counsel (*Rudser & Fitzmaurice,* attorneys), for appellant.

*Irving Moldauer* (*Daniel Cohen* with him on the brief), for appellant-respondent.

*Arthur Karger* of counsel (*Irving Nitzberg,* attorney for Howard Gooch; *Norman C. Harlowe,* attorney for Adam Orzuchowski), for respondents.

*Irving Moldauer* (*Daniel Cohen* with him on the brief), for Jane Holinko and another, respondents.

*Per Curiam.* No facts were elicited during the trial of this case which would support a finding of negligence as against either defendant. The car of defendant Holinko was traveling slowly south on the snow-covered Hutchinson River Parkway when it suddenly skidded. The driver took his foot off the gas pedal and tapped the brake lightly, but nevertheless the car went over the concrete divider and into the northbound lane, where it was struck by defendant Shapiro's car. There was no evidence of any defective condition of Holinko's car.

" The burden was on the plaintiffs to produce evidence of negligence; it could not be inferred from the fact that the car skidded or that the accident happened, nor could it be left to guess, speculation or surmise." (*Lahr* v. *Tirrill,* 274 N. Y. 112, 117.)

Holinko's car crossed the divider, four feet wide, at a spot only a short distance in front of defendant Shapiro's oncoming car. Only a second or two elapsed before the impact, during which there was virtually no opportunity to avoid the collision (cf. *Rowlands* v. *Parks,* 2 N Y 2d 64; *Meyer* v. *Whisnant,* 307 N. Y. 369). The reasonableness of Shapiro's speed depended upon the duty to be perceived and the danger to be apprehended. Even on a snow-covered road, the speed at which he was traveling, well below the prescribed limits, could not be said to be unreasonable. There was a margin of more than 300 feet between him and the nearest car ahead. It was not his duty to anticipate the remote contingency that a car on the other side of the road would hurtle across the divider and suddenly appear directly in his path. This was truly an unavoidable accident as to which there is no basis for imputing fault to either defendant. The judgment, insofar as it is in favor of plaintiffs against the defendants should be reversed, on the law and the facts, and the complaints dismissed. As so modified, the judgment should be affirmed.

BOTEIN, P. J., M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Judgment unanimously modified, on the law and on the facts, by reversing the judgments in favor of the plaintiffs, Howard Gooch, Jane Holinko, Herbert Holinko and Adam Orzuchowski, and directing that judgment be entered in favor of the defendants, Ronald Shapiro and Andrew Holinko, dismissing the complaint in Action No. 1 on the merits, with costs, and by directing that judgment be entered in favor of the defendant Ronald Shapiro, dismissing the respective complaints in Action No. 2 and Action No. 3, on the merits, with costs, and, as so modified, the judgment so appealed from is affirmed, with costs of this appeal to the appellant, Ronald Shapiro, against the plaintiffs-respondents, Howard Gooch, Jane Holinko, Herbert Holinko and Adam Orzuchowski, and with costs of this appeal to the appellant-respondent, Andrew Holinko, against the plaintiff-respondent, Howard Gooch, and the defendant-appellant, Ronald Shapiro.