GUY RITTER, as Administrator of the Estate of FREDERICK G. RITTER, Deceased, Respondent, v. MARTIN W. ZUNFT, Appellant.

Third Department, November 13, 1959.

156

*Albert V. Moore* for respondent.

*John D. Van Kennan* for appellant.

REYNOLDS, J.   At about 12:30 A.M. on January 27, 1957, the Cadillac automobile owned by the defendant, was proceeding in a northerly direction on New York State Highway Route 420, a highway leading from Winthrop to Massena.   The occupants were Martin W. Zunft, the defendant, and the plaintiff's intestate Frederick G. Ritter.   At a point about three miles south of Massena, near the residence of one Edward Hooper, the vehicle left the highway, travelled for some distance on the shoulder and struck two utility poles located off the west side of the road.   The car travelled about 120 to 150 feet after leaving the highway and was a complete wreck according to the testimony of the defendant.   That it was out of control for sometime prior to leaving the highway is obvious from the evidence.   The right side of the vehicle was smashed in, with large indentations where it had struck the two poles — one indentation was at the right front door, in the area where the occupant of the right side of the front seat would be located.   The door glass on the right front door was shattered as well as the windshield directly ahead of the passenger's seat.   The highway at that time was icy in spots due to a rain about 24 hours previous which had frozen.   The defendant was familiar with, and had traversed this highway earlier in the evening.   The only witness other than the defendant who knew any of the facts of the crash was Edward Hooper who was in his bedroom facing the highway.   Mr. Hooper testified, "I heard a screech of tires in front of the house and then there was, seemed to me as if a car was coming towards the house, there was a flash of light, and then for just a split second I didn't hear nothing, then I heard a crash."   Plaintiff's intestate died of a fractured neck.   He had multiple abrasions and lacerations about the face and scalp.   The defendant, who was called by the plaintiff as a witness, contended that the car was being operated by the plaintiff's intestate, and in addition urges on this appeal that the record did not contain any credible evidence either direct or circumstantial to raise a reasonable inference that the car was

being driven in a negligent manner, or that the manner of its operation was the proximate cause of the accident.

The evidence warranted the finding of the jury that the defendant was driving the car. The witness Edward Hooper, who was the first arrival at the wrecked automobile described the position of the occupants of the car immediately after the crash. He then stated that he went into his house to call the State Police and an ambulance, and upon his return to the vehicle, the occupant of the left hand side of the front seat who had been behind and partially resting on the steering wheel immediately after the crash, was in the back seat. The funeral director and ambulance driver Vernon Donaldson, identified this man as the defendant. Donaldson removed the occupants from the car and took them to the hospital. Hooper further testified that the position of the man in the right hand side of the front seat, the passenger's side, was unchanged upon his return to the vehicle from the house. No one at the scene of the accident ever saw any life or movement in this man, occupying the right hand side of the front seat. He was identified as the plaintiff's intestate by witness Donaldson. In addition the jury was entitled to weigh the credibility of the defendant who claimed that he turned over the operation of his car to a man of two hours acquaintance, known to him only by nickname, with no knowledge of his driving ability, or that he even possessed a license. They were also entitled to consider the fact that the most serious damage to the motor vehicle occurred on the right hand side, the passenger's side. That the windshield on this side of the vehicle was shattered and broken out. That the plaintiff's intestate suffered multiple injuries including a fracture of the neck and had face and scalp injuries with the presence of glass. And of course, the fact that the deceased was removed from the right hand side of the front seat, the passenger's side, after the accident.

The second issue, as to the negligence of the defendant in the operation of his motor vehicle, in our view, presents no great difficulty. We feel that the jury could properly so find upon the facts and circumstances disclosed in the evidence in this case. Since plaintiff's intestate was killed in the crash, the plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (*Noseworthy* v. *City of New York*, 298 N. Y. 76, 80; see, also, *Van Horn* v. *Messina*, 3 A D 3d 918). There was direct evidence by the defendant and witness Hooper describing the movement of the vehicle before the crash, and a strong chain of circumstantial evidence to establish the excessive speed of

158

this vehicle upon an icy pavement, a road condition known to this defendant. The defendant testified and instead of explaining the cause of the accident and that it was consistent for any reason with freedom from negligence, chose to contend that plaintiff's intestate was the driver. He now contends on this appeal that this case is governed by the holdings in *Galbraith* v. *Busch* (267 N. Y. 230) and *Lahr* v. *Tirrill* (274 N. Y. 112). Those cases may be distinguished from the instant case. In neither case was speed shown, and in neither case was negligent causation shown. The case of *Cole* v. *Swagler* (308 N. Y. 325) relied on by appellant, if authority at all under the facts of this case, sustains the position of respondent. It was there stated that (p. 331): "Speed upon a highway in and of itself will not explain a swerve therefrom without some additional evidence, as, for example, limited visibility or a curve in the road. It is plaintiff's burden to demonstrate the presence of some such added circumstance in order to recover on the theory that excessive speed constituted the proximate cause of the crash. Here we are told the night was clear, the pavement dry, there was neither snow nor rain, and we have no evidence of any curve in the road." In the present case we definitely have this "added circumstance", an icy pavement, known to the defendant, who had traversed the highway earlier in the evening.

Finally on the question of damages, the jury's verdict of $15,000 upon this record was not excessive.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Judgment affirmed, with costs.