Mario Pittoni, J.
Motion by plaintiff for an order directing summary judgment in bis favor is granted.
While the plaintiff was stopped for a red light his car was struck in the rear by the defendant’s car.
The defendant has served no affidavit except that by his attorney. That is pure hearsay and is valueless on this motion (Di Sabato v. Soffes, 9 A D 2d 297, 300; Cohen v. Pannia, 7 A D 2d 886). The defendant should “ assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial ’ ’. (Di Sabato v. Soffes, supra, p. 301.)
The plaintiff, in his reply affidavit, has submitted the defendant’s examination before trial. There the defendant states that he saw the red light and the plaintiff’s car 100 feet away, that he was then going 30 miles an hour, that he applied his brakes only 15 to 20 feet from the plaintiff’s ear and then hit the plaintiff’s car when going 10 to 15 miles per hour. His Motor Vehicle Bureau report, also attached to the plaintiff’s documents, says that the defendant skidded into the plaintiff’s car upon applying his brakes.
Of course he skidded into the plaintiff’s car when he put on his brakes. What else would his car do if he applied the brakes hard and in so short a distance í He applied his brakes when only 15 to 20 feet away from the plaintiff. He had seen the-plaintiff and red light when 100 feet away, and had seen the plaintiff at a standstill “ about 10 seconds ” before the collision occurred.
Defendant has made no attempt to explain his failure to properly control the operation of his car, and the undisputed facts are consistent with only one conclusion, i.e., the inescapable inference of negligence by the defendant. (Gerard v. Inglese, 11 A D 2d 381, 383 [2d Dept.].)