**Charles F. SILVERNAIL, Plaintiff,**

**v.**

**Ralph G. NICHOLSON, as Executor of the Last Will and Testament of Marion P. Nicholson, deceased, and Tri-State Renting Corporation, Defendants.**

United States District Court
S. D. New York.
July 10, 1962.

· Finn & Rebecchi, New York City, for plaintiff; Raymond Rebecchi, New York City, of counsel.

Victor J. Herwitz, New York City, for defendants.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Silvernail brought suit to recover damages for personal injuries sustained on June 10, 1958 in an automobile collision on United States Route 4 near Ft. Miller Corners, N. Y. Defendant Ralph G. Nicholson was sued as executor of the estate of his wife who was the driver of the car with which Silvernail's car collided and who was killed in the accident. Defendant Tri-State was the owner of the car Mrs. Nicholson was driving and had rented it to the Nicholsons. Jurisdiction is based on diversity of citizenship. (28 U.S.C. § 1332(a)).

The case was tried to a jury which returned a verdict for plaintiff in the sum of $34,833.75.

Defendants now move, pursuant to Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C., to set aside the verdict and for a directed verdict and judgment in favor of defendants on the ground that as a matter of law the evidence was

insufficient to sustain the verdict, or, in the alternative, for a new trial on the ground that the verdict was against the weight of the credible evidence. A motion to set aside the verdict as excessive has already been denied.

Silvernail and Mrs. Nicholson, the drivers and sole occupants of the two cars involved in the accident, were the only eyewitnesses. Since Mrs. Nicholson was killed in the accident Silvernail was the only person able to testify as to what occurred. Thus he was the key witness. He testified in substance as follows:

At 5:30 in the afternoon of June 10, 1958, he was driving his 1958 Buick sedan south on Route 4 on the way from Hague, N. Y., to his home in Northboro, Massachusetts. Route 4 was a new two lane black macadam highway with a solid white line in the center. It had been raining heavily for about two hours and the roadway was wet. It was light and visibility was good.

Silvernail first observed the Nicholson car, a 1957 Ford station wagon, proceeding toward him north on Route 4, about 2400 feet to the south, rounding a curve. He estimated that both cars were then moving at about 45 miles per hour.

When the cars were about 250 feet apart, and as Mrs. Nicholson was coming around the curve, he "observed that her right wheels had left the highway and she was wavering somewhat to get back into her northbound lane * * *." He applied his brakes gently and reduced his speed to about 35 miles an hour. After wavering, the Nicholson car seemed to "straighten out" and proceeded in the northbound lane. A moment later, however, when the cars were very close together "she was right in front of me going in a westerly direction across my lane." The front of the Silvernail car struck the Nicholson car broadside in the southbound roadway practically cutting it in two. Mrs. Nicholson was killed and Silvernail was seriously injured.

The only other witness for the plaintiff was State Trooper Versage who arrived on the scene shortly after the accident. He testified as to what he found on arrival, the condition of the cars and the condition of the roadway, which was excellent. He found no skid marks at the scene of the accident.

Defendants called three witnesses, Mrs. Nicholson's husband and executor, State Trooper O'Hea and Townes. Nicholson testified that the car his wife was driving was in good condition prior to the accident, that his wife was in good health, and that she had driven over 250 miles on that day prior to the accident. Townes, who had put gas in the Nicholson car at his filling station about seven miles south of where the accident occurred, testified that Mrs. Nicholson seemed normal when he filled her car. Both he and Trooper O'Hea testified as to the conditions at the scene which threw little additional light on the cause of the accident.

Silvernail was asked whether the road was slippery and replied "Not that I know of." On the other hand, both Trooper O'Hea and Townes testified in general terms that the road was inclined to be slippery when wet.

On this evidence was there sufficient to permit the case to go to the jury and to sustain a jury verdict in plaintiff's favor?

■ Under the law of New York which applies here it is clear that proof merely of the sudden swerve of an automobile from its own lane, without more, is not prima facie evidence of negligence. Nor without more does it permit an inference that the driver was negligent. Lahr v. Tirrill, 274 N.Y. 112, 8 N.E.2d 298 (1937); Galbraith v. Busch, 267 N. Y. 230, 196 N.E. 36 (1935); Cole v. Swagler, 308 N.Y. 325, 125 N.E.2d 592 (1955); Lo Piccolo v. Knight of Rest Products Corporation, 7 A.D.2d 369, 183 N.Y.S.2d 301 (1st Dept. 1959). This is because a sudden swerve, taken by itself, may be due to any one of several causes, including the operation of the car, the condition of the vehicle, or the condition of the roadway. It may be due

559

either to negligence on the part of the driver or to some other cause beyond his control. To infer one cause rather than another on such a bare record would substitute speculation or surmise for proof.

However, as Mr. Justice Bergan pointed out in Montgomery v. Humphrey, 284 App.Div. 365, 366, 132 N.Y.S.2d 448, 449 (3d Dept. 1954), the rule of these cases applies only where the happening of the accident "rest[s] in a factual vacuum." The rule "ought not to be applied where there is a factual margin in the proof allowing an inference of inattention or an absence of due care in keeping a car running on its own path [on] a highway."

In my view the evidence as to the happening of the accident in the case at bar does not rest in such a factual vacuum. The sudden swerve of the Nicholson car into Silvernail's lane must be viewed against the background of the testimony that the right wheels of the Nicholson car had left the roadway as she was rounding the curve at some 45 miles per hour some 250 feet from the impact, and that she then appeared to straighten out before the second swerve occurred. The jury might well have inferred from Silvernail's testimony, which was uncontradicted, that Mrs. Nicholson was driving the car in a negligent manner as she was rounding the curve, that when her wheels went off the roadway onto the shoulder she should then have taken steps to make sure that her car was under complete control and that her failure to do so constituted negligence on her part which caused the accident.

While the road was admittedly wet there were no skid marks. Silvernail's testimony indicated that the road was not slippery and the jury was entitled to accept his testimony rather than to conclude that the road was in fact slippery from the general testimony of Townes and O'Hea that it was inclined to be slippery when wet. The jury also was entitled to take into account, if it wished, the testimony of Nicholson that his wife had already driven more than 250 miles on that day in connection with the other facts which the jury had before it.

Defendant urges that Lo Piccolo v. Knight of Rest Products Corporation, supra, controls here and requires that the verdict be set aside and judgment directed for the defendants. I do not agree. The only evidence in that case was of a sudden swerve of a vehicle travelling on a wet day on a steel ribbed concrete section of Manhattan Bridge which was apparently very slippery even when dry. Since this was the only evidence, the court concluded that an inference that the swerve was the unavoidable result of the acknowledged slippery roadway was as strong as an inference that it was caused by negligence. It therefore held that a verdict should have been directed for the defendant. Such cases as Lahr v. Tirrill, supra; Gooch v. Shapiro, 7 A.D.2d 307, 182 N.Y.S.2d 744 (1st Dept. 1959) and Hollenbeck v. Hollenbeck, 286 App.Div. 937, 142 N.Y. S.2d 911 (3d Dept. 1955), all involved snowy, icy roads which were clearly slippery as well.

In the case at bar, on the other hand, quite apart from the evidence before the jury as to what had occurred prior to the sudden swerve, there was no evidence as to an "extraordinary condition" of the roadway such as there was in the Lo Piccolo case and the other cases to which I have referred.

While the question is a close one, in my view the evidence in the case at bar does not warrant the application of the narrow rule of Lo Piccolo v. Knight of Rest Products Corporation, supra, here. The jury may reasonably have inferred that the accident was due to the negligence of Mrs. Nicholson and therefore have found for the plaintiff. Nor can it be said that the verdict is against the weight of the evidence. "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Sen-

**560**

tilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 110, 80 S.Ct. 173, 4 L.Ed. 2d 142 (1959); Tennant v. Peoria & Pekin Union Railway Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944).

Finally, it may be noted that defendants' contention that plaintiff has not maintained his burden of proving proximate cause as defined in Palsgraf v. Long Island Railroad Company, 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253 (1928), is totally without merit.

The defendants' motions are denied in all respects.

It is so ordered.