Harold R. Moore, Jr., J.
Defendant herein is charged with violating subdivision (a) of section 1180 of the Vehicle and Traffic Law, driving at a speed greater than reasonable and prudent under the existing conditions. The charge herein results from an accident involving the defendant’s vehicle and another vehicle. At the trial of this matter before the court, the People offered proof that the defendant was proceeding on a secondary dirt road and at a slight bend in the road the defendant’s vehicle and another vehicle sideswiped each other. The proof was also uncontradicted that immediately before the impact the defendant’s vehicle had skidded for about 30 feet.
None of the witnesses for the People were able to give an estimate as to the speed of the defendant’s vehicle except Trooper Gr. J. Hughes, who attempted to estimate the defendant’s speed from the skid marks by use of the coefficient of friction. This *40 was objected to by defendant on the grounds that the conditions present at the time of the test and the time of the accident were not the same. Following a preliminary voir dire defendant’s objection was sustained. Therefore, there is no actual testimony as to speed of defendant’s vehicle. The only question facing the court at this time is whether or not the People have made out a prima facie case under the section. The statute involved here (§ 1180, subd. [a]) is a revision of former subdivision 1 of section 56 of the Vehicle and Traffic Law which was declared unconstitutional as being too vague and indefinite by the Court of Appeals. (People v. Firth, 3 N Y 2d 472.) Subsequently, on the recommendation of the Governor’s Safety Conference Committee of 1946 the present statute evolved, which provided that where a defendant’s automobile is proceeding at a speed “ greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing ’ ’ defendant is guilty of speeding. We must then proceed to determine what speed is ‘ ‘ not prudent and reasonable under the conditions then and there existing The Court of Appeals in People v. Vetri (309 N. Y. 401) held that a criminal statute must be clear and positive in order to give the individual unequivocal warning of the rules and regulations he is expected to abide by.
In view of the decision, the conduct of the defendant must constitute more than a mere error of judgment or simple negligence, the standard of conduct must be such that any reasonable, prudent man observing the hazards and conditions then and there existing would immediately see the danger.
There must also be evidenced in the conduct of the defendant an utter disregard of the consequences which might ensue from his acts or an indifference to the rights of others.
In the instant ease, the only substantial proof presented is first, that an accident occurred, and secondly, that the defendant’s vehicle skidded.
It has been held that skidding be not of itself evidence of negligence (Lahr v. Tirrill, 274 N. Y. 112; Matter of Fake v. Macduff, 281 App. Div. 630). Also the mere fact that he was driving at such a speed as to skid in the ordinary course of driving would not be enough to convict him and accordingly, it is the court’s decision that the testimony presented does not prove a prima facie case against the defendant. The charge against the defendant is dismissed.