■ EUGENIA QUINONES, Respondent, v. ST. VINCENT'S HOSPITAL OF THE CITY OF NEW YORK, Appellant.— Order, entered on March 11, 1963, reversed on the law, with $20 costs and disbursements to appellant, and its motion, made at the close of the entire case, to dismiss the complaint, granted, with $10 costs, and judgment directed for defendant, with costs. Resting upon the doctrine of *res ipsa loquitur*, the plaintiff was bound to establish that the claimed traumatic fractures of cervical vertebrae in her neck were sustained in the period during which she was undergoing the unrelated operation in the defendant hospital or while she was recovering from the effects of the anesthetic then administered to her. There is, however, no competent proof that such was the fact. The plaintiff's allegation that she sustained a traumatic injury at the time of the operation or during the period of unconsciousness thereafter rests solely upon the expert testimony given by the medical witness, Dr. Tuby. He had no personal knowledge of any of the material facts and such opinions as appear in his testimony would not support a verdict on plaintiff's theory. In answer to a hypothetical question, he gave the opinion that the fractures were of traumatic origin and that they "occurred in a short interval between the time of the operation and the time that she [plaintiff] felt it, which was within a period of two, three days or perhaps even sooner." It appears, however, that the operation was completed in the morning of June 5, that the plaintiff was discharged from the recovery room at 1:15 P.M., on that day; and that, according to the plaintiff's testimony, it was not until the following day that she felt pain in the neck. Presumably, the plaintiff was conscious from the time that she was discharged from the recovery room and, in any event, there is no proof to the contrary. Therefore, the opinion of Dr. Tuby that the plaintiff sustained the alleged traumatic injury sometime between the time of the operation and *the next day when she felt pain* would not support a finding that the injury occurred during the period of unconsciousness. It is true that eventually Dr. Tuby did give an opinion narrowing the time of occurrence of the alleged fractures to the day of the operation, but his testimony in this regard was still not sufficient from plaintiff's standpoint in that it still did not tie the time down to the period of unconsciousness. Furthermore, when viewed in the light of the doctor's previous testimony, the plaintiff's testimony and the hospital records and X rays, his opinion that the fractures occurred on the day of the operation appears to be nothing more than speculation. Significantly, the plaintiff herself gave no testimony as to her movements and as to how she felt from the time of consciousness following her recovery after the operation to the time she felt pain in her neck on the day following the operation. Thus, Dr. Tuby's opinion does not, in any event, have the necessary factual background. His conclusions lack probative force in that they are "contingent, speculative, or merely possible". (See *Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212, 216.) "Unless expert opinion is based on a sound hypothesis it lacks probative force." (*Matter of Bonomi* v. *Poirier & McLane Corp.*, 1 A D 2d 302, 305; see, also, *Socony-Vacuum Oil Co.* v. *Seaman*, 281 App. Div. 911.) In the present case, the hospital records, the X rays of plaintiff's neck and the testimony of the attending doctors provide a satisfactory explanation for the plaintiff's alleged cervical injuries, namely,

that the same were a result of an infection (osteomyelitis) and not due to trauma; and a finding on the record here that the plaintiff sustained a traumatic injury during the time of the operation or the period of unconsciousness thereafter would rest upon mere surmise or speculation. Where, as here, there is no evidence "that ought reasonably to satisfy a jury that the fact sought to be proved is established", the motion for a directed verdict should have been granted. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; see, also, *Lahr* v. *Tirrill*, 274 N. Y. 112, 117; *Soma* v. *Handrulis*, 252 App. Div. 332, 338–339.) Concur — Rabin, J. P., Eager and Steuer, JJ.; Stevens and Bastow, JJ., dissent and vote to affirm.