■ In the Matter of JOSEPHINE WILBER, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— GIBSON, P. J. Petitioner's operator's license was suspended (Vehicle and Traffic Law, § 510, subd. 3, par. [a]) following an accident, on the ground that she then "was proceeding at an imprudent rate of speed in violation of Sec. 1180-a V&TL", this determination being predicated upon the finding: "Though the driver denied that she had any knowledge of the slippery condition of the highway, I find that the facts of the weather and the highway should have indicated to her that the highway was slippery and that she should have reduced her speed prior to negotiating the curve." Upon quite similar facts, we recently annulled a revocation because there was "no basis for a finding that speed was the causative factor" in a skidding accident upon an S curve. (*Matter of Disney* v. *Hults,* 16 A D 2d 494, 496.) The Court of Appeals has held that operating an automobile "at such a speed as to skid in the ordinary course of driving" would not support a conviction under subdivision (a) of section 1180 and that the statute does not render a driver guilty of a violation "if he is unaware of unforeseen conditions rendering his speed hazardous", but "it does render a motorist guilty if, in view of existing conditions or actual and potential hazards reasonably to be anticipated, [he] is guilty of ordinary negligence with respect to speed alone." (*People* v. *Lewis,* 13 N Y 2d 180, 184; see, also, *Lahr* v. *Tirrill,* 274 N. Y. 112, mot. for rearg. den. 274 N. Y. 611; *Matter of Fake* v. *Macduff,* 281 App. Div. 630.) Asked by the Referee if she was aware that the road was slippery, petitioner replied, "No, not particularly." The only other witness to the accident said, "I don't believe she was going too fast." The only additional evidence with respect to the road surface was adduced from a State Trooper's report which contained little more than the generalization that "the roads *in the area*" were "*very slippery*". (Emphasis supplied.) In this blanket characterization we find no substantial evidence that upon the stretch of highway approaching the curve there existed a condition of danger such as reasonably to require a further reduction of speed before the car should enter the curve. Determination annulled, with $75 costs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.