Burke, J. (concurring).
I would reverse solely on the ground that proof of “mere skidding” is prima facie evidence of negligence in this case where the plaintiff was not a passenger in defendant-respondent’s car. There are obvious distinctions between a plaintiff who is a guest-passenger and one who is a stranger. The former not only assumes some risk in accepting the gratuitous transportation but also is in the advantageous position of having the opportunity to observe whether the defendant exercised reasonable care in the operation of the vehicle. (Galbraith v. Busch, 267 N. Y. 230; Lahr v. Tirrill, 274 N. Y. 112; Gooch v. Shapiro, 7 A D 2d 307, affd. 8 N Y 2d 1088.) On the other hand, the stranger who is injured by defendant’s vehicle’s skidding into the opposite flowing lane of traffic or up onto a sidewalk, under conditions known to the defendant alone, is at a *137 singular disadvantage. Therefore, the quantum of proof required to make a case in each situation ought to be measured according to the relationship of the parties. It is understandable why when a guest-passenger sues there ought to be additional proof to show that the defendant’s negligent driving caused the skid and the consequent accident. The rule that a case is not made out without the additional evidence is reasonable because the accident may have occurred either through a defect in the car not known to the owner, the risk of which the passenger-guest assumes, or through the driver’s negligent operation of the vehicle. There the equal probability that the accident was caused by a defect in the car must be eliminated by other proof of negligence adduced by the plaintiff. However, in a suit by a person who is a stranger to the defendant and his vehicle, once the plaintiff adduced such evidence as is reasonably available to him (and it may be proof of defendant’s skidding and nothing more), the burden of going forward with the proof ought to shift to the defendant. The defendant may then show that it was truly an unavoidable accident or elect to let the case go to the jury on the plaintiff’s evidence. In such a case the plaintiff does not assume the same risk of unknown defects as would the owner of the vehicle or his guests. Such a rule is impartial. At all events, if the defendant refrains from giving any explanation, the plaintiff’s evidence of the facts and circumstances leading up to the skid ought to be submitted to the jury to determine whether or not any inference of negligence may be drawn. This view does not cast as difficult a responsibility on the defendant as the ruling in the court below has imposed upon the plaintiff. On this theory, which I think is equitable, a nonsuit is here unjustifiable.
For these same reasons I believe that in the “skidding” cases we ought to draw a line between parties in disparate situations. The Galbraith, Lahr, Gooch rule that the assumption of risk by a passenger-guest for all defects in a car not known to the owner imposes on that plaintiff the obligation of introducing other evidence of the defendant’s lack of due care in order to eliminate the inference of a defect in the car ought to be retained. If it is overruled the defendant owner will be unfairly penalized with a resulting unjustified windfall to the guest-passenger. But a limitation on that standard is justified in the situation of *138 a stranger plaintiff in order to hold the scales even, and not place an undue burden on a party not in a position to know whether or not the defendant has acted in a negligent manner.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Scileppi and Keating concur with Judge Bergan; Judge Burke concurs in a separate opinion.
Order of Appellate Division reversed and judgment of Trial Term reinstated, with costs.