## (December 27, 1966)

■ HELEN CZEKALA, as Administratrix of the Estate of TEOFIL CZEKALA, Deceased, Respondent, v. JOHN T. MEEHAN, Public Administrator of Bronx County, as Administrator of the Estate of JAMES SHORMIS, Deceased, Appellant. — In an action for wrongful death, defendant appeals from a judgment of the Supreme Court, Kings County, dated December 22, 1965 upon a jury's verdict in plaintiff's favor. Judgment affirmed, with costs. Absent an explanation by defendant as to how plaintiff's decedent, a guest-passenger, met his death when the car operated by defendant's decedent crashed into a highway divider and the concrete base and wooden guardrails resting thereon, plaintiff's proof that the vehicle, in abnormal fashion, left the highway spelled out a cause of action on which factual questions of negligence and contributory negligence were presented (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132; *Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313; *Verdino* v. *Hayes*, 10 A D 2d 978; see, also, *Carter* v. *Castle Elec. Contr. Co.*, 26 A D 2d 83; *Brooks* v. *Williams*, 25 A D 2d 864). In our opinion, the earlier cases in which it was held that the burden of explanation devolved solely upon the plaintiff to establish by direct proof the negligence of defendant in the management of a vehicle which departs from the normal course of operation (*Galbraith* v. *Busch*, 267 N. Y. 230; *Lahr* v. *Tirrill*, 274 N. Y. 112; *Cole* v. *Swagler*, 308 N. Y. 325) have been overruled by *Pfaffenbach* v. *White Plains Express Corp.* (*supra*). Brennan, Rabin and Hopkins, JJ., concur; Christ, J., dissents in a memorandum, in which Ughetta, Acting P. J., concurs: We vote to reverse the judgment and to dismiss the complaint. Quite simply stated, the basis of plaintiff's recovery rests on an inference that defendant's intestate was intoxicated, thus causing the car he was driving, with plaintiff's intestate as a passenger, to leave the road in an unexplained manner. Equally inferable, however, is the intoxication of plaintiff's intestate. Since we may reasonably say that both men were intoxicated and became such together, and since both died simultaneously in the violent crash of the car against a highway divider, there is really no fair way to impose liability and guilt on one and exculpate the other. The law of this State still requires a lack of contributory negligence for recovery. Any theory charging defendant's intestate with negligence, other than intoxication, is purely speculative. The damning fact is that there is no evidence of how and why this accident happened. It is an intolerable burden and one that almost defies satisfaction to ask the estate of one party, under circumstances such as these, to exculpate his intestate or else suffer the penalty of liability for damages (see our dissenting memorandum in *Verdino* v. *Hayes*, 10 A D 2d 978). We make this judgment with respectful recognition of the burden of proof requirements in a wrongful death action

(Decedent Estate Law, § 131). Finally, we do not believe that the recently enunciated principles of *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132) apply to this situation.