Leon D. Lazer, J.
Plaintiff moves for summary judgment in this negligence action, which arises from a classic “ hit in the rear ” situation in wet weather.
Defendant’s deposition, which is quoted in the moving affidavit, indicates that he applied his brakes “hard” when he was about 100 feet from plaintiff’s car. He held the brakes down but his car “ skidded in the last few feet” and struck the rear of plaintiff’s vehicle which was stopped and waiting to make a left turn.
Defendant’s affidavit consists of one paragraph which reads as follows: “ On May 21, 1971, I was involved in an accident while operating my automobile in Jericho Turnpike, Huntington, New York. It had been raining early in the day and the roadway in the vicinity of the accident was still wet and slippery. Before the accident I observed another automobile ahead of mine. When it stopped to make a left turn, I applied my brakes to stop, but my automobile skidded due to the wet and slippery condition of the roadway causing me to strike the rear of the other automobile.”
Although on a similar set of facts at least one court has granted summary judgment (cf. Coppola v. Tratter, 32 Misc 2d 970), this motion must be denied.
The reluctance of appellate courts to permit summary judgments to stand in automobile negligence cases has a theoretical basis in Pfaffenbach v. White Plains Express Corp. (17 N Y 2d 132, 135). There the defendant’s truck, traveling in wet and slippery weather, came over into the opposite lane and struck the car in which plaintiff was a passenger. Defendant offered no explanation. The Court of Appeals, in reversing a *310 Second Department order which upset plaintiff’s jury verdict and dismissed the complaint, said: “ In such a situation, showing this and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury. The same rule, open to additional factual evaluation of his own responsibility for events, would apply to the passenger in a car which goes out of control.”
Although Pfaffenbach blew the trumpet of liberation from the unreasonable doctrines of Lahr v. Tirrill (274 N. Y. 112), Galbraith v. Busch (267 N. Y. 230), and Gooch v. Shapiro (7 A D 2d 307, affd. 8 N Y 2d 1088), which held that there was no proof of negligence on the part of defendants who, without explanation, skidded, left the road, or crossed into an opposite lane, it granted no freedom to plaintiffs to prevail under such circumstances without a trial of the facts. Pfaffenbach (supra) is now a substantial theoretical obstacle to summary disposition of baseless defenses in automobile negligence cases. Efforts by Special Term judiciary to overcome the obstacle have been rebuffed even where the defendant has not controverted prima facie negligence and no issue of contributory negligence is raised (see Rosenthal v. Monastra, 27 A D 2d 749 [swerving off road]; Zeman v. Dewes, 35 A D 2d 940 [sudden lurch forward]; Harvey v. Dileno, 35 A D 2d 668 [falling asleep at wheel]).
Summary judgment may not properly be invoked in automobile cases, except in rare instances (Schneider v. Mieczmnikowski, 16 A D 2d 177; Connell v. Buitekant, 17 A D 2d 944). Those instances occur when, in the absence of any issue of contributory negligence, defendant admits to acts which constitute negligence as a matter of law (Slavinskas v. Clinton Warehouse, 40 A D 2d 840 [knowledge of defective brakes]) or admits to a clearly negligent act in the operation of a vehicle (Whitely v. Lobue, 59 Misc 2d 755, revd. 30 A D 2d 552, revd. 24 N Y 2d 896; Opalek v. Oshrain, 33 A D 2d 521 [looked away before accident]; Gerard v. Inglese, 11 A D 2d 381 [took eyes off road while lighting cigarette]), or where there is absolute liability under a statute (New York State Thruway Auth. v. Maislin Bros. Transp., 35 A D 2d 301 [truck exceeding statutory height]).
The Second Department has not hesitated to deny summary judgment in rear-end collision cases (Velten v. Kirkbride, 20 A D 2d 546; Schneiderman v. Metzger, 30 A D 2d 829) except where the defendant looks away (Opalek v. Oshrain, supra), where the defendant’s car is the one that is stopped (Kaye v. Hickman, 38 A D 2d 754) or where defendant accelerated his *311 car into plaintiff’s car (Brodersen v. Katzman, 26 A D 2d 693). Nevertheless, it has stated that it “ will not strain to find feigned issues of fact where they are not genuinely present” (Opalek v. Osrain, 33 A D 2d 521, 522, supra, citing Donlon v. Pugliese, 27 A D 2d 786). It appears, however, that our Department has been diligent in discovering genuine issues (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prae., par. 3212:03 n. 9). In a vigorous dissent Justice Nunez recently characterized the reversal of a summary judgment in a hit-in-the-rear case in the First Department as “ defeating the ends of justice and unnecessarily contributing to calendar congestion by delaying the inevitable result ” (Pugh v. Chester Cab Corp., 41 A D 2d 615).
Nevertheless, under the doctrine now prevailing, the defendant is entitled to have his explanation evaluated by a jury (Bailer v. Shelton, 30 A D 2d 545), for, while the facts as submitted to this court make out a strong case against him, the jury is not bound to make the inference of negligence, even if he had struck a parked car (Hatch v. King, 33 A D 2d 879). Pumping of brakes is required by no statute (see Vehicle and Traffic Law), so negligence as a matter of law does not exist here. Evaluation of the defendant’s explanation creates a triable issue.